**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Gary James WATSON, Appellant.**

Superior Court of Pennsylvania.

Submitted May 19, 2003.

Filed Oct. 31, 2003.

John Ciroli, Jr., Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., Karen Edwards, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before: DEL SOLE, P.J., GRACI, and BECK, JJ.

GRACI, J.

¶ 1 Appellant, Gary James Watson ("Watson"), appeals from the judgment of sentence entered on August 1, 2002, in the Court of Common Pleas of Allegheny County. After careful review, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 Watson was charged with two counts of simple assault, 18 Pa.C.S.A. §§ 2701(a)(2) and 2701(a)(3), and one count of terroristic threats, *id.* at § 2706(a)(1),

for putting a knife to the throat of his wife and threatening to kill her on December 7, 2001.

¶ 3 On May 14, 2002, Watson pleaded guilty to one count of simple assault and one count of terroristic threats in exchange for the Commonwealth's withdrawal of the other count of simple assault.

¶ 4 The court accepted the plea, and, on August 1, 2002, Watson was sentenced to two-and-a-half to five years imprisonment for terroristic threats. No further penalty was imposed for the simple assault.

¶ 5 On August 30, 2002, Watson filed a notice of appeal. The trial court directed the filing of a statement of matters complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P.1925(b). In response to that order, Watson[1] presented the following questions, *inter alia,* all of which were addressed by the trial court in its Rule 1925(a) Opinion which was filed on January 15, 2003:

a. Mr. Watson's sentence is unreasonable, manifestly excessive and an abuse of discretion because the court failed to put adequate reasons on the record for imposing the statutory maximum sentence, which fell beyond the aggravated range of the guidelines. If counsel did not adequately preserve this issue for appeal, she was ineffective.

b. The factual summary was insufficient to support the guilty plea when the Commonwealth did not present facts demonstrating that the threats were not made as mere spur-of-the-moment threats which result from anger. Counsel was ineffective in

failing to object to this fatally insufficient factual summary.

. . .

f. Plea counsel was ineffective for failing to correct the defective colloquy or move to withdraw the guilty plea based on the issues presented in arguments above.

Concise Statement of Matters to Be Raised on Appeal, 11/22/02, at 2–3.

¶ 6 Watson now raises the following issues for our review:

I. Was the factual summary sufficient to support the guilty plea when the Commonwealth did not present facts demonstrating that the threats made were not made as mere spur-of-the-moment threats which result from anger? Was counsel therefore effective when she failed to correct the colloquy and when she failed to submit a motion to withdraw Mr. Watson's plea?

. . .

II. Was Mr. Watson's sentence unreasonable, manifestly excessive, and an abuse of discretion when the court failed to put adequate reasons on the record for imposing the statutory maximum sentence, which fell beyond the aggravated range of the guidelines; and was counsel effective when she failed to challenge the sentence on these grounds?

. . .

III. Does the recent decision in *Commonwealth v. Grant,* where the Pennsylvania Supreme Court set forth a new rule regarding the consideration of ineffective assis-

---

1. We note that Watson was represented at the guilty plea and sentencing proceedings by an attorney employed by the Law Office of the Allegheny County Public Defender. On appeal, Watson is represented by a different attorney of that office.

tance of counsel claims that are raised on the direct appeal from a defendant's judgment of sentence, mandate the denial of the ineffective assistance of counsel claims raised in Mr. Watson's appeal?

. . .

Appellant's Brief, at 5.

## II. DISCUSSION

¶ 7 Watson first argues that the factual summary was not sufficient to support the guilty plea since the Commonwealth did not present facts demonstrating that the threats made were not mere spur-of-the-moment threats resulting from anger. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); see also Commonwealth v. D'Collanfield, 805 A.2d 1244, 1246 (Pa.Super.2002) (finding that the appellant's issue challenging his guilty plea was waived since it was not raised at the sentence colloquy, at the sentencing hearing, or through a post-sentence motion). Moreover, "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." Commonwealth v. Kohan, 825 A.2d 702, 706 (Pa.Super.2003) (citations omitted).

¶ 8 The record in the instant case reveals that Watson never challenged his guilty plea in the trial court before raising it in his Rule 1925(b) statement. Accordingly, this issue is waived.

¶ 9 Next, Watson claims that his sentence was unreasonable, manifestly excessive, and an abuse of discretion since the court failed to put adequate reasons on the record for imposing the statutory maximum sentence, which fell beyond the aggravated range of the sentencing guidelines.

¶ 10 As we stated above, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "[I]ssues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." Commonwealth v. Mann, 820 A.2d 788, 794 (Pa.Super.2003) (citations omitted). This failure is not cured by submitting the challenge in a Rule 1925(b) statement. Kohan, 825 A.2d at 706 (citation omitted).

¶ 11 Here, Watson never challenged the discretionary aspects of his sentence in the trial court before asserting his challenge in his Rule 1925(b) statement. Consequently, this issue, too, is waived.

¶ 12 Finally, Watson argues that plea counsel was ineffective because plea counsel: (1) failed to correct the guilty plea colloquy; (2) failed to submit a motion to withdraw the plea; and (3) and failed to challenge the sentence. This claim requires a discussion of Commonwealth v. Grant, 572 Pa. 48, 813 A.2d 726 (2002), and its progeny, in particular, Commonwealth v. Bomar, 573 Pa. 426, 826 A.2d 831 (2003), and Commonwealth v. Belak, 573 Pa. 414, 825 A.2d 1252 (2003). In light of these recent pronouncements by our Supreme Court, and under the circumstances presented here, only where the record is sufficiently developed to allow the trial court to address the ineffectiveness issues raised and only where the trial court has considered and rejected them in its Rule 1925(a) Opinion, we hold that we may consider these ineffectiveness issues. In doing so, we reject them.

"Our [S]upreme [C]ourt in Commonwealth v. Grant, 572 Pa. 48, 813 A.2d 726 (2002), recently set forth a new general rule providing that parties 'should

wait to raise claims of ineffective assistance of trial counsel until collateral review.' *Id.* at 738." *Commonwealth v. Rosendary,* 818 A.2d 526, 527 (Pa.Super.2003). The Supreme Court dictated that this new rule is to be applied to all cases currently pending on direct appeal where a claim of ineffectiveness has been properly raised and preserved, as in this case. *See Grant,* 813 A.2d at 738–39.

*Commonwealth v. Millward,* 830 A.2d 991, 994–95 (Pa.Super.2003). Underlying this rule is the Court's observation that "time is necessary for a petitioner to discover and fully develop claims related to trial counsel ineffectiveness." *Grant,* 813 A.2d at 737–738. As a result, "the record may not be sufficiently developed on direct appeal to permit adequate review of ineffectiveness claims[.]" *Id.* at 737. Because "appellate courts do not normally consider issues that were not raised and developed in the court below[,]" *id.,* the *Grant* court reasoned that "[d]eferring review of trial counsel ineffectiveness claims until the collateral review stage of the proceedings offers a petitioner the best avenue to effect his Sixth Amendment right to counsel." *Id.* at 738. Since the new general rule in *Grant* was announced, we have regularly followed it. *See e.g. Rosendary,* 818 A.2d at 527, 529–30; *Commonwealth v. Robinson,* 817 A.2d 1153, 1162–63 (Pa.Super.2003); *Commonwealth v. Carmichael,* 818 A.2d 508, 509–10 (Pa.Super.2003); and

*Commonwealth v. Ruiz,* 819 A.2d 92, 95–96 (Pa.Super.2003).

¶ 13 Watson argues that *Grant* does not apply to the instant case since counsel's ineffectiveness for failing to correct the guilty plea colloquy was developed in the trial court. Here, Watson raised his ineffectiveness claims in the trial court in his statement of matters complained of on appeal filed pursuant to Pa.R.A.P.1925(b), and the trial court addressed these claims in an opinion pursuant to Pa.R.A.P.1925(a). We have previously explained that although a trial court must explain its reasoning when confronted with a claim raised in a 1925(b) statement, it may not enter a dispositional order in such a procedural posture. *Kohan,* 825 A.2d at 706 (citation omitted). Generally, as we stated above, "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." *Id.* at 706. We have applied this rule in refusing to address ineffective assistance of counsel claims raised for the first time in a Rule 1925(b) statement even though the trial court addressed the claims in its Rule 1925(a) opinion. *Commonwealth v. Burkett,* 830 A.2d 1034, 1037 n. 2 (Pa.Super.2003).[2] We must, however, reexamine our holding in *Burkett* in light of the Supreme Court's decision in *Commonwealth v. Belak,* 573 Pa. 414, 825 A.2d 1252 (2003).[3]

---

**2.** If Watson had raised his ineffectiveness claims in a timely filed post-sentence motion, we could clearly consider them on direct appeal. *See Commonwealth v. Bomar,* 573 Pa. 426, 826 A.2d 831, 853–55 (2003) (referring to this circumstance as an exception to the general rule of deferral in *Grant* ); and *Commonwealth v. Hudson,* 820 A.2d 720, 725–26 (Pa.Super.2003) (finding *Grant* inapplicable in this situation). *See also Burkett,* 830 A.2d at 1037 n. 2 (same).

**3.** We note that the Supreme Court's decision in *Belak* preceded our opinion in *Burkett.* The opinion in *Burkett,* however, makes no mention of *Belak.* Accordingly, we are at liberty to determine if the holdings of those two cases are reconcilable. Under the circumstances presented here, we are constrained to determine that they are not. We, as an intermediate appellate court, are duty bound to effectuate the decisional law of the Supreme Court and so must follow *Belak* rather than *Burkett* in this case.

¶ 14 On appeal to the Supreme Court, the appellant in *Belak* argued that his trial counsel was ineffective for failing to interview him prior to trial, for interfering with his right to testify, for failing to interview and call a particular witness who would have testified that another person had confessed to committing the crimes of which Belak had been accused, and for failing to properly utilize the discovery process in order to impeach one of the Commonwealth's witnesses and that appellate counsel was ineffective for failing to adequately develop his claims of trial counsel's ineffectiveness before this Court. *Id.* at 1254–55 and n. 5. We concluded that Belak had waived these ineffective assistance claims by failing to adequately develop them in his brief to this Court.[4] *Id.* at 1254 n. 4.[5] The Supreme Court disagreed, relying on *Grant,* stating:

> In *Commonwealth v. Grant,* [572 Pa. 48] 813 A.2d 726 (Pa.2002), this Court recently held that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Id.* at 738. We also held that this new rule would apply retroactively to properly raised and preserved claims of ineffectiveness in all cases on direct appeal at the time *Grant* was decided. *Id.* As the instant case was on direct appeal when *Grant* was decided, *Grant* applies, and we therefore vacate the decision of the Superior Court on this issue and dismiss Belak's claims of trial counsel's ineffectiveness without prejudice to Belak to raise those claims in a petition filed pursuant to the Post–Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546 ("PCRA").

*Belak,* at 1255 (footnote omitted). Pertinent to the instant appeal, the *Belak* Court explained:

> In *Commonwealth v. Bomar,* [573 Pa. 426, 826 A.2d 831 (Pa.2003)], we recently held that notwithstanding *Grant, we would review ineffectiveness claims on direct appeal for which there is an evidentiary record developing the claims and a trial court opinion addressing those claims. See id.* at 813 A.2d [at] 744–47, 2002 WL 31898393. In the instant case, however, Belak failed to raise any claims of trial counsel's ineffectiveness until he filed his statement of matters complained of on appeal pursuant to Rule 1925(b). *See* Pa.R.A.P.1925(b). Consequently, in its Rule 1925(a) opinion, *see* Pa.R.A.P.1925(a), *the trial court refused to consider Belak's ineffectiveness claims because "no evidentiary record exist[ed] to address these claims."* Trial Court Op. at 1. *Given that there is no evidentiary record developing Belak's ineffectiveness claims, and given that the trial court opinion does not address those claims, Bomar is inapplicable here.*

*Id.* at 1255 n. 6 (emphasis added).

¶ 15 The new general rule of *Grant,* of course, was predicated on the Supreme Court's concern that claims of ineffectiveness of counsel could not be properly addressed without an adequate factual record. *Id.* at 737 ("ineffectiveness claims, by their very nature, often involve claims that are not apparent on the record[ ]"); *id.* at 737 ("even presuming the merit of the claim is apparent on the existing record, oftentimes, demonstrating trial counsel's ineffectiveness will involve facts that are not available on the record"[ ]). This concern about the lack of an adequate eviden-

---

4. This was the same resolution that we made of the ineffective assistance claims we decided in *Grant.*

5. We decided the appeal in *Belak* before the Supreme Court announced the new general rule in *Grant.*

tiary record when claims of ineffective assistance of counsel are raised for the first time on direct appeal led the Court to announce its new general rule of deferral of such claims until collateral review under the Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9541 *et seq.* ("PCRA"), where a criminal defendant "can raise . . . claims of ineffectiveness in a first PCRA petition and *at that time the PCRA court will be in a position to ensure that [the defendant] receives an evidentiary hearing on his claims, if necessary.*" *Id.* at 739 (emphasis added). By this "if necessary" language, the *Grant* Court obviously recognized that a hearing is not required on every PCRA petition where claims of ineffective assistance of counsel are raised. *See, e.g., Commonwealth v. Pirela,* 556 Pa. 32, 726 A.2d 1026, 1037 (1999) ("Where the record reflects that the underlying claim is of no arguable merit or no prejudice resulted, no evidentiary hearing on an ineffective assistance claim is required.") (citation omitted). Indeed, the Supreme Court's Rules of Criminal Procedure specifically permit the trial court to dispose of a PCRA petition without a hearing when,

after review of the petition, the answer and the record relating to the claims, "the judge is satisfied from this review that there are no genuine issues concerning any material fact[.]" Pa.R.Crim.P. 907(1). Nothing in *Grant* changed this long-standing practice.

¶ 16 In the case *sub judice,* the trial court rejected Watson's claims of ineffective assistance in its Rule 1925(a) opinion. In doing so, the trial court relied on the existing record. Opinion, 1/15/03, at 2 and 3. Under *Grant, Bomar* and *Belak,* since there is an evidentiary record by which to assess the claim raised (*i.e.* the adequacy of the factual basis underlying the guilty plea) and a trial opinion addressing the claim of ineffectiveness, we may address it.[6] Our holding in this regard is one of limited application. We will review claims of ineffective assistance of counsel on direct appeal only where the trial court has addressed the claims on the merits after having determined that the existing record is sufficiently developed for resolution of the claims.[7] We will then be in a position to perform our appellate function of reviewing allegations of trial court error

---

**6.** In so holding we do not retreat from what we said in *Commonwealth v. Burkett,* 830 A.2d 1034, 1037 n. 2 (Pa.Super.2003), that "[w]hile a trial court is required to explain its reasoning when faced with an issue raised in a Rule 1925(b) statement (and will sometimes indicate that an issue is waived for not having been properly raised and preserved by appropriate objection or motion), the trial court may not enter a dispositional order in such a procedural posture." (citations omitted) If a trial court would determine that relief was appropriate, it could so suggest in its Rule 1925(a) opinion and we could review its conclusion under our appropriate scope and standard of review on appeal. The trial court, however, could not order any relief for at the time it issues its Rule 1925(a) opinion, the trial court no longer has jurisdiction. Pa. R.A.P. 1701.

**7.** We note that in *Grant,* the appellant argued that his case should have been remanded for

the development of an evidentiary record to support his ineffectiveness claims. *Id.* at 732. Watson, who is represented by attorneys from the same Law Office of the Allegheny County Public Defender as was *Grant,* makes no claim that the record in this case is not sufficient to address his ineffectiveness claims. Instead he contends that his ineffectiveness claims are based (and, therefore, may be resolved) on the existing record and no further development of the record is necessary. Brief for Appellant, at 37–38. *See also* Brief for Appellant, at 18 n. 1 (counsel can argue own ineffectiveness and court may address claim either where ineffectiveness or lack thereof is clear from the record). We agree with Watson that no further factual development of his claims is required, although we disagree with his conclusion that the record demonstrates the ineffectiveness he asserts.

in resolving the claims under our applicable standard and scope of review. If there is no opinion by the trial court resolving the ineffectiveness claim on the merits, as in *Ruiz, supra,* 819 A.2d at 96, or if the trial court issues an opinion saying that the ineffectiveness claims cannot be addressed on the existing record because a hearing is necessary. in order to develop the record, as in *Belak,* we will adhere to the general rule of deferral announced in *Grant.*[8] Accordingly, we will proceed to address the merits of Watson's claims starting with his assertions that counsel was ineffective in failing to object to the fatally defective factual basis for the guilty plea and for failing to file a motion to withdraw the plea.

■■■■■ ¶ 17 As we explained in a similar context in *Commonwealth v. Hudson,* 820 A.2d 720 (Pa.Super.2003):

> Since these ineffective assistance of counsel claims were presented to and [addressed] by the trial court ... we review that court's [conclusion that relief was not warranted] by determining if its findings are supported by the record and its [decision] is free of legal error. This is the standard we generally apply when reviewing a PCRA court's dismissal of a post-conviction petition. Our role here, given the procedural posture of this case, is similar to that where we

examine a PCRA court's denial of relief on a claim of ineffectiveness of counsel. Accordingly, we will apply the same standard.

> The legal standard applicable to ineffective assistance of counsel claims is well settled.

> To prevail on a claim that counsel was constitutionally ineffective, the appellant must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

*Id.* at 726 (citations omitted). As Watson accurately explains, "Claims of ineffectiveness of counsel that are raised in the context of a guilty plea may provide a basis for relief only if counsel's ineffectiveness caused an involuntary or unknowing plea. *Commonwealth v. Yager,* 454 Pa.Super. 428, 685 A.2d 1000, 1004 (1996) (*en banc* ). This is similar to the "manifest injustice" standard applicable to all post-sentence at-

---

8. Our holding is also limited in that nothing in this opinion should be interpreted as a requirement that new counsel entering a case after sentencing is required to raise claims of trial counsel's ineffective assistance in a Rule 1925(b) statement out of concern that failing to do so would result in a later waiver of that claim if raised in a subsequent PCRA petition. *See* 42 Pa.C.S.A. §§ 9543(a)(3) and 9544(b). A contrary conclusion would be at odds with our Supreme Court's pronouncement in *Grant* that "a claim raising trial counsel ineffectiveness will no longer be considered waived because new counsel on direct appeal did not raise a claim related to prior counsel's

ineffectiveness." *Id.* at 738. We simply hold that where new counsel raises a claim of trial counsel's ineffectiveness in a Rule 1925(b) statement and the trial court resolves the claim on its merits based on the existing record in its Rule 1925(a) opinion, we may review it. If new counsel does raise a claim in the circumstances presented here and we address it on the merits, it will, of course, be deemed previously litigated if raised in a subsequent PCRA petition. *See* 42 Pa.C.S.A. §§ 9543(a)(3) and 9544(a). When to raise such a claim will be a matter of strategy for counsel.

tempts to withdraw a guilty plea.' *Id."* Brief for Appellant, at 17–18.

¶ 18 Here, concerning Watson's first two assertions of counsel's ineffectiveness, the trial court rejected Watson's claim that the factual record supporting his plea was insufficient and that plea counsel was ineffective for failing to object to the fatally insufficient factual summary. Opinion, 1/15/03, at 2. The trial court, after observing that "[t]he summary as presented to the court is a matter of record," as reflected in the transcript of the plea hearing, "determined that the facts were sufficient to support the offenses to which [Watson] pled guilty." *Id.* Based on that determination, the trial court further concluded that Watson's "claims that plea counsel was ineffective for failing to correct the defective colloquy or to move to withdraw the guilty plea based on [, *inter alia*, the defective factual summary the trial court addressed at item b] of the Concise Statement of Matters to be Raised on Appeal" were "without merit." *Id.* at 3. As the trial court concluded that Watson could not satisfy the first prong of the ineffectiveness standard, the claim was properly rejected. *Hudson*, 820 A.2d at 726; *Commonwealth v. Basemore*, 560 Pa. 258, 744 A.2d 717, 738 n. 23 (2000) ("Ordinarily, a claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet a single one of these prongs."). With these conclusions we must agree. The trial court's findings are clearly supported by the record (as our independent review confirms) and its decision is free of legal error. There was no basis for the trial court to conclude that there was any manifest injustice that would warrant withdrawal of Watson's guilty plea after sentence was imposed. Therefore, Watson is entitled to no relief on these claims.

9. Rule 319 has been renumbered as Rule 590.

¶ 19 Watson's argument that the "Commonwealth did not present facts demonstrating that the threats made were not made as mere spur-of-the-moment threats which result from anger," Brief for Appellant, at 12, is of no consequence. We must remember, as the Supreme Court has said:

> *A guilty plea is an acknowledgement by a defendant that he participated in the commission of certain acts with a criminal intent. He acknowledges the existence of the facts and the intent.* The facts that he acknowledges may or may not be within the powers of the Commonwealth to prove. However, *the plea of guilt admits that the facts and intent occurred, and is a confession not only of what the Commonwealth might prove, but also as to what the defendant knows to have happened.*

A defendant may plead guilty for any reason: to shield others, avoid further exposure, to diminish the penalty, to be done with the matter, or any secret reason that appeals to his needs. What is generally and most objectively accepted is that a plea is offered to relieve conscience, to set the record straight and, as earnest of error and repentance, to accept the penalty.

Pa.R.Crim.P. 319[9] requires that a guilty plea be offered in open court, and sets a procedure to determine voluntariness and whether the defendant is acting knowingly and intelligently. As noted in the comment to Rule 319, the minimum to be determined is:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Under this rule, beside determining whether the plea is voluntary, knowledgeable and intelligent, the court must also determine whether there is a factual basis for the plea: i.e., whether the facts acknowledged by the defendant constitute a prohibited offense. This salutary requirement is to prevent a plea where in fact the legal requirements have not been met; and, to name and define the offense, supported by the acts, so the defendant will know the legal nature of the guilt to which he wishes to plead. No more than these inquiries are required.

*A guilty plea is not a ceremony of innocence, it is an occasion where one offers a confession of guilt. If a defendant voluntarily, knowingly, and intelligently wishes to acknowledge facts that in themselves constitute an offense, that acknowledgement is independent of the procedures of proving or refuting them. How they would be proved, what burdens accompany their proof, what privileges exist to avoid their proof, what safeguards exist to determine their accuracy, and under what rules they would be determined, by whom and how, are irrelevant. The defendant is before the court to acknowledge facts that he is instructed constitute a crime.*

*He is not there to gauge the likelihood of their proof, nor to weigh them in the light of the available procedures for their proof. He is there to voluntarily say what he knows occurred, whether the Commonwealth would prove them or not, and that he will accept their legal meaning and their legal consequence.*

*Commonwealth v. Anthony,* 504 Pa. 551, 475 A.2d 1303, 1307–08 (1984) (footnotes omitted) (emphasis added).

¶ 20 Here, when given the opportunity, Watson, though he referred to his anger, did not offer a defense to or excuse for his actions. He, instead, offered an apology. N.T. (Plea), 5/14/02, at 7. He explained that he was before the court pleading guilty to see what he had to do to correct himself. *Id.* At sentencing, Watson reiterated his apology and advised the court that he wanted to get on with his life. N.T. (Sentencing), 8/1/02, at 12–13. To be done with the matter is among the reasons which the Supreme Court catalogued for why people plead guilty. *Anthony, supra.* By pleading guilty, Watson acknowledged the facts and the necessary intent, regardless of the Commonwealth's ability to prove them and how it might do so. *Id.* The same is true with respect to facts that might "refute" the charges. *Id.* Such is his contention that he acted in anger on the "spur-of-the-moment."

¶ 21 While such a claim might support a challenge to the sufficiency of the evidence supporting an adjudication of delinquency in juvenile proceedings based on the delinquent act of terroristic threats, *In re J.H.,* 797 A.2d 260 (Pa.Super.2002) (rejecting sufficiency challenge), or to the weight of the evidence following a jury's verdict of guilty on a charge of terroristic threats, *Commonwealth v. Anneski,* 362 Pa.Super. 580, 525 A.2d 373 (Pa.Super.1987) (reversing jury's verdict as against the weight of the evidence), it is of no moment when a

defendant pleads guilty to that offense. As we recognized in *Commonwealth v. Bable,* 248 Pa.Super. 496, 375 A.2d 350, 351 n. 1 (1977), quoting our Supreme Court's "logic" from *Commonwealth v. Roundtree,* 440 Pa. 199, 269 A.2d 709, 711 (1970):

> "We think it is logical and correct that if a defendant pleads guilty to a criminal charge, and then in the next breath contravenes the plea by asserting facts which, if true, would establish that he is not guilty, then his guilty plea is of no effect and should be rejected. For on its face, such a situation would show that the plea was not entered with a complete comprehension of its impact.... In other words, a defendant should not be allowed to plead 'guilty' from one side of his mouth and 'not guilty' from the other."

¶ 22 This is what Watson is now suggesting. He isn't guilty because his actions resulted from "spur-of-the-moment" anger. If that was so, his plea should have been rejected and his case listed for trial and he should have offered testimony or argument supporting such a version of the events to the fact-finder. That is not what the record of this case suggests, however. Instead, Watson admitted by his guilty plea that he engaged in the acts constituting the offense of terroristic threats, including the requisite mental state. He did not contest that he threw a lit cigarette at this wife, burning her sweater, grabbed a knife and put it to her throat, causing a mark,and made a loop with a belt, threatening to kill her. Watson apologized for his acts. These facts, which his plea admitted

regardless of how they would have been proven, clearly are sufficient to constitute a factual basis for the crime of terroristic threats. The Commonwealth had no obligation to put on facts that would have refuted the charge which Watson, by his plea, admitted he committed. Accordingly, we reject Watson's first two assertions of trial counsel's ineffective assistance and uphold the trial court's determination that they lack merit as its findings are supported by the record and its conclusions are not erroneous.

■ ¶ 23 We now turn to Watson's contention that counsel was ineffective for failing to challenge the discretionary aspects of his sentence, including his assertion that such a claim presents an exception to *Grant* since claims regarding the discretionary aspects of sentencing are not cognizable under the Post–Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541 *et seq.*[10] For the reasons set forth above, we hold that we may address this claim because there is an evidentiary record by which to assess the claim raised (*i.e.* the adequacy of the trial court's reasons for its sentence) and a trial court opinion addressing the claim of ineffectiveness.

■ ¶ 24 On this claim, the trial court, after noting the appropriate standard of review for a challenge to the discretionary aspects of sentencing,[11] found that "[t]he court's reasons for the sentence are clearly stated." Opinion, 1/15/03, at 2 (citing N.T. (Sentencing), 8/1/02, at 24–26). The court

---

**10.** Watson relies on Section 9543(a)(2)(vii) of the PCRA, which indicates that the only sentencing claim a petitioner may raise under the PCRA is one involving the legality of the sentence. 42 Pa.C.S.A. § 9543(a)(2)(vii).

**11.** The trial court said: "[S]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be

disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Hess,* 745 A.2d 29 (Pa.Super.2000)." Opinion, 1/15/03, at 1. Though he cites a different case for the same proposition, Watson agrees that this is our proper standard of review. Brief for Appellant, at 2.

then concluded that Watson's claim of ineffective assistance based on counsel's failure to challenge the discretionary aspects of his sentence was without merit. *Id.* at 3. Our review of the transcript of the sentencing shows that the trial court's finding in this regard is supported by the record. Moreover, it is clear that the trial court adequately set forth the reasons for its sentence. "If the issue underlying the charge of ineffectiveness is not of arguable merit, counsel will not be deemed ineffective for failing to pursue a meritless issue." *Commonwealth v. D'Collanfield,* 805 A.2d 1244, 1246 (Pa.Super.2002) (citation omitted). As with his other claims of ineffective assistance, since the trial court concluded that Watson could not satisfy the first prong of the ineffectiveness standard, the claim was properly rejected. *Hudson,* 820 A.2d at 726; *Basemore,* 744 A.2d at 738 n. 23. Accordingly, we must uphold the trial court's decision since it is supported by the record and free of legal error.

¶ 25 As we interpret *Grant, Bomar* and *Belak,* we need not address Watson's request that we announce any exception to *Grant.*[12] However, because this Court has previously indicated that a claim involving the discretionary aspects of sentencing couched within an ineffective assistance of counsel claim is not cognizable pursuant to Section 9543(a)(2)(ii) of the PCRA, in light of recent developments in the area of PCRA law, we feel compelled to address this argument for the benefit of the bench and bar.

¶ 26 Our previous rulings on this point held such a claim non-cognizable under the PCRA because such an error by counsel does not "so undermine[ ] the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii); *see also Commonwealth v. Wolfe,* 398 Pa.Super. 94, 580 A.2d 857, 860 (1990) (relying on the language of Section 9543(a)(2)(ii) and concluding that the appellant's claims that appellate counsel was ineffective for failing to challenge the discretionary aspects of his sentence were not cognizable under the PCRA since they did not affect the truth-determining process so as to render the adjudication of guilt unreliable); *Commonwealth v. Grier,* 410 Pa.Super. 284, 599 A.2d 993, 996 (1991) (relying on *Wolfe* and stating that the appellant's argument that his counsel was ineffective, *inter alia,* for failing to file a motion to modify his sentence after being sentenced for a parole violation was not cognizable under the PCRA since it did not implicate the appellant's guilt or innocence); and *Commonwealth v. Lewis,* 430 Pa.Super. 336, 634 A.2d 633, 636 (1993) (relying on *Wolfe* and *Grier* and stating that the appellant's allegation that counsel was ineffective for failing to file a motion for reconsideration and modification of sentence was a challenge to the discretionary aspects of his sentence and, therefore, not cognizable under the PCRA).

¶ 27 However, in *Commonwealth ex rel. Dadario v. Goldberg,* 565 Pa. 280, 773 A.2d 126 (2001), our Supreme Court noted that

---

**12.** We *do not perceive* our decision today to be an "exception" to the general rule of deferral announced in *Grant.* Instead, based on our reading of *Grant, Bomar* and *Belak,* we simply believe that *Grant* has no application where an ineffectiveness claim is presented to the trial court and the trial court resolves the claim on the merits based on the existing, sufficiently developed record and we are able

to conduct our review as an appellate court. If there are to be exceptions to *Grant,* they must come from the Supreme Court. *Grant,* 813 A.2d at 738 n. 14 ("Under ... limited circumstances, *this court* [referring to the Supreme Court] may choose to create an exception to the general rule ....")(emphasis added).

its decisions in *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999) (interpreting Section 9543(a)(2)(ii) to apply to claims of ineffective assistance of counsel for failing to file an appeal), and *Commonwealth v. Chester,* 557 Pa. 358, 733 A.2d 1242 (1999) (permitting a PCRA petitioner in a capital case to challenge counsel's ineffectiveness during the penalty phase of his trial and disagreeing with the PCRA court's ruling that the language of Section 9543(a)(2)(ii) precludes review of such claims), continued a movement started in *Commonwealth v. Kimball,* 555 Pa. 299, 724 A.2d 326 (1999) (holding that Section 9543(a)(2)(ii) does not place a more stringent standard for collateral review of claims of ineffective assistance of counsel than the Sixth Amendment standard applicable to ineffectiveness claims raised on direct appeal), toward an interpretation of Section 9543(a)(2)(ii) that permits "all constitutionally-cognizable claims of ineffective assistance of counsel to be raised in a PCRA petition." *Dadario,* 773 A.2d at 129–30. According to the *Dadario* Court, the legislature did not intend to "limit the scope of ineffectiveness claims reviewable in PCRA proceedings." *Id.* at 130.

> We read Section 9543(a)(2)(ii) to encompass all constitutionally-cognizable claims of ineffective assistance of counsel, i.e., all claims that the petitioner was deprived of his or her Sixth Amendment and Article I, Section 9 rights to counsel. We reiterate the position adopted by this Court in *Kimball* that the language "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place" merely represents a statutory adoption of the prejudice standard for Sixth amendment ineffective assistance of counsel claims as developed in *Strickland* [*v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)]. *See Kimball,* 724 A.2d at 332. Therefore, if

a petitioner claims that he or she was denied the effective assistance of counsel in violation of the Sixth Amendment and Article I, Section 9 of the Pennsylvania Constitution, Section 9543(a)(2)(ii) of the PCRA allows the petitioner to seek relief.

*Id.*

¶ 28 In *Commonwealth v. Cappello,* 823 A.2d 936 (Pa.Super.2003), we recognized that the portion of our opinion in *Grier* which held that a claim of counsel's ineffectiveness during a parole revocation hearing (for failure to offer mitigating evidence) was not cognizable under the PCRA because it had nothing to do with the truth-determining process or the reliability of the determination of guilt had been abrogated by *Dadario* and the PCRA court erred in relying on our earlier opinion in *Grier. Id.* at 941. We explained that "in *Dadario,* our Supreme Court interpreted the 'truth-determining process' language contained in section 9543(a)(2)(ii) as the legislature's attempt to adopt the known Sixth Amendment standard of prejudice discussed in *Strickland* … rather than its intent to limit the scope of ineffectiveness claims reviewable in PCRA proceedings." *Id.* We had previously determined that this language demonstrated the opposite intent and stated that it "constitutes a substantial restriction of grounds for post-conviction collateral relief in Pennsylvania." *Wolfe,* 580 A.2d at 859 (citation omitted); *see also Commonwealth v. Prout,* 814 A.2d 693, 695 (Pa.Super.2002) (recognizing that earlier cases refusing to permit Rule 1100 (now Rule 600) challenges couched in terms of ineffective assistance because such a claim was not cognizable under the PCRA since they did not affect the truth-determining process and the adjudication of guilt were abrogated by *Dadario* ).

¶ 29 The *Dadario* Court clearly indicated that our prior view of Section 9543(a)(2)(ii) was incorrect. As that view was the basis for our holdings in *Wolfe*, *Grier*, and *Lewis*, we may no longer follow those cases. Therefore, a claim regarding the discretionary aspects of his sentence, raised in the context of an ineffectiveness claim, would be cognizable under the PCRA.[13]

¶ 30 For the foregoing reasons, we find Watson's challenges to his guilty plea and sentence waived and we conclude that his claims of ineffective assistance of counsel are without merit as decided by the trial court.[14]

## III. CONCLUSION

¶ 31 Watson's claims regarding the validity of his plea and the discretionary aspects of his sentence are waived. His ineffectiveness claims lack merit. The trial court's decision rejecting them is supported by the record and free of error.

¶ 32 Judgment of sentence affirmed.

¶ 33 BECK, J., concurs in result.

13. Watson also argues that this case is an exception to *Grant* since he was constructively denied counsel. As we have addressed each of Watson's ineffective assistance claims and rejected them based on our understanding of *Grant*, as limited by *Bomar* and *Belak*, we need not address this argument. We note, however, that this court has recently interpreted the meaning of complete or constructive denial of counsel in *Commonwealth v. Millward*, 830 A.2d 991 (Pa.Super.2003).

14. We note that Watson was represented by an assistant public defender at his guilty plea and sentencing hearings and is currently represented by a different assistant public defender. *See* note 1, *supra*. Generally, since a public defender's office is considered a law office, one assistant cannot argue the alleged ineffectiveness of another unless it is clear from the record that prior counsel was ineffective or that the ineffectiveness claim lacks merit. *Commonwealth v. Johnson*, 565 Pa. 51, 771 A.2d 751, 757 n. 7 (2001); *Commonwealth v. Shannon*, 530 Pa. 279, 608 A.2d 1020, 1023 (1992); *Commonwealth v. Ciptak*, 542 Pa. 112, 665 A.2d 1161, 1161–62 (1995); *Commonwealth v. McBee*, 513 Pa. 255, 520 A.2d 10, 13 (1986). Here, since the record supports the conclusion that the ineffective assistance claims lack merit, we have properly resolved them without the need for a remand for the appointment of new counsel not associated with the public defender's office.