J-S58010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON P. COTTRELL, | |
| Appellant | No. 416 MDA 2015 |

Appeal from the Judgment of Sentence December 23, 2014
in the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0000931-2014

BEFORE: GANTMAN, P.J., OLSON, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.: **FILED NOVEMBER 12, 2015**

Appellant, Jason P. Cottrell, appeals from the sentence imposed following his open guilty plea to endangering the welfare of a child (EWOC).[1] He claims his sentence was harsh and excessive. We conclude his claims are waived for failure to raise and preserve them in the trial court. Accordingly, we affirm.

On September 29, 2014, Appellant entered a negotiated open guilty plea to EWOC, avoiding other charges. (*See* N.T. Guilty Plea, 9/29/14, at 5). On December 23, 2014, the court, informed by a Pre-Sentence Investigation Report, imposed a sentence of not less than one nor more than

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4304(a)(1).

three years' incarceration in a state correctional institution, to be followed by two years' probation, a sentence in the aggravated range. (***See*** N.T. Sentencing, 12/23/14, at 7). The same day Appellant filed a motion for reconsideration of sentence. (***See*** Motion to Reconsider Sentence, 12/23/14, at unnumbered pages 1-4). The motion argued, in pertinent part, that his family would suffer if he was incarcerated, and that a sentence of one to two years minus a day would let him get into a work-release program or house arrest. (***See id.*** at unnumbered page 2). Notably, Appellant did not claim that the sentence was harsh or excessive. The court denied the motion on January 7, 2015. This appeal followed.[2]

> [I]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Issues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived. This failure is not cured by submitting the challenge in a Rule 1925(b) statement.

***Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa. Super. 2003) (case citations and internal quotation marks omitted); ***see also*** Pa.R.Crim.P. 720 ("a written post-sentence motion shall be filed no later than 10 days after imposition of sentence.").

---

[2] Appellant timely filed a concise statement of errors on April 24, 2015. ***See*** Pa.R.A.P. 1925(b). The trial court did not file a Rule 1925(a) opinion. ***See*** Pa.R.A.P. 1925(a).

Here, Appellant posits that even though he did not claim the sentence was harsh and unreasonable in his motion, the issue is preserved in his Rule 1925(b) statement. (**See** Appellant's Brief, at 8-9). We disagree. **See Watson**, **supra** at 791.

We note he cites no supporting authority for his claim. To the contrary, controlling authority contradicts his supposition. **See id.** Because Appellant failed to raise his excessiveness claim properly with the trial court, it is waived.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2015

---

[3] Moreover, it would not merit relief. Our independent review confirms that the sentencing court had the benefit of a PSI. In it, Appellant apparently blamed his actions on the choice of a "poor partner." (N.T. Sentencing, at 6). Appellant did not seek medical attention for his infant's injuries. He gave a false written statement (and apparently another false oral statement) to the police about the incident because he did not want to get into trouble. (**See** Affidavit of Probable Cause, 12/03/13, at 2). In the totality of the circumstances, we would find that the court had an ample basis for its sentence. We would not disturb its discretion.