J-S38019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY J. BREELAND, JR., | |
| Appellant | No. 2410 EDA 2015 |

Appeal from the PCRA Order July 8, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0005335-2013

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND JENKINS, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 29, 2016**

Appellant, Anthony J. Breeland, Jr., appeals from the order entered on July 8, 2015 denying his counseled first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The trial court summarized the relevant facts as follows:

On April 8, 2014, [Appellant] pleaded *nolo contendere* to [p]ossession with [i]ntent to [d]eliver a [c]ontrolled [s]ubstance. As part of the plea agreement, charges of [simple possession], [p]ossession of [d]rug [p]araphernalia, and [c]riminal [u]se of a [c]ommunication [f]acility were dismissed.  [In addition, the parties agreed] that [Appellant's] minimum sentence would not exceed the bottom end of the standard range of the sentencing guidelines.  On May 30, 2014, [the trial court] sentenced [Appellant] to a term of imprisonment of 18 months to 36 months in a [s]tate [c]orrectional [i]Institution, followed by [two] years of probation.  [Appellant's sentence fell within] the mitigated range of the guidelines.

[Appellant's] plea and sentencing [counsel] filed a [m]otion for [r]econsideration of [s]entence on June 9, 2014.  . . .  On July

17, 2014, [the trial court denied Appellant's reconsideration m]otion[.] On August 12, 2014, [Appellant] filed a *pro se* [n]otice of [a]ppeal from that decision, which was discontinued at [Appellant's] request [] on October 17, 2014.[]

[After Appellant filed a *pro se* petition for collateral relief, the PCRA court, on October 28, 2014,] appointed [counsel] to represent [Appellant] on the PCRA matter. A hearing was held on May 12, 2015, at which time [Appellant] indicated the only issue he was pursing was whether [plea and sentencing counsel] was ineffective for failing to file a motion to withdraw [the plea of *nolo contendere*], which [Appellant] allege[dly] requested. On July 8, 2015, [the PCRA court] issued an order denying [Appellant's] PCRA petition. This appeal followed.[]

PCRA Court Opinion, 9/30/15, at 1-2.

Appellant raises the following issue for our review:

Whether the PCRA [c]ourt erred by denying the PCRA [petition] which sought to have plea counsel declared ineffective for failing to file a motion to withdraw the guilty plea?

Appellant's Brief at 6.

In his sole issue on appeal, Appellant asserts that he asked counsel to file a motion to withdraw his plea after the trial court imposed its sentence. According to Appellant, however, counsel declined to do so, stating that such a motion had to be filed prior to sentencing. Appellant contends that this advice was inaccurate and that, given Appellant's need for mental health and drug addiction therapy, it should have been evident that Appellant pleaded *nolo contendere* in order to receive services rather than subject himself to state incarceration where such services were unavailable. Appellant maintains that counsel's failure to act prejudiced him because he could have pursued an acquittal at trial and, thereafter, sought treatment for mental

health issues and drug addiction without the stigma of an additional criminal conviction. These arguments are meritless.

We initially address the factual component of Appellant's claim. At his PCRA hearing, Appellant testified that he asked counsel to withdraw his plea immediately after sentencing and during a subsequent visit during which counsel asked Appellant to review a motion for reconsideration of sentence. Counsel denied that Appellant asked him to withdraw the plea. The PCRA court credited counsel's testimony and rejected Appellant's version of events.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015) (quotation omitted). "We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party." **Id.** "The PCRA court's credibility determinations, when supported by the record, are binding on this Court[.]" **Id.** Because the record supports the PCRA court's credibility determination, we are bound by the finding that Appellant never requested withdrawal of his plea.

We now consider whether counsel should have been deemed ineffective for failing to seek withdrawal of Appellant's plea regardless of whether Appellant asked him to pursue such action. This facet of Appellant's claim argues that counsel should have moved to withdraw the plea given

that Appellant's desire was to receive treatment for his mental health and addiction issues and that the imposition of a state sentence frustrated that aim.[1] The PCRA court found that Appellant failed to establish that counsel's actions resulted in a manifest injustice. Accordingly, the court held that Appellant's claim lacked arguable merit and that he was not entitled to relief. We agree.

Under the PCRA, a petitioner bears the burden of establishing, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2), which include the ineffectiveness of counsel that "so undermine[s] the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Mason**, 130 A.3d at 617-618, *quoting* 42 Pa.C.S. § 9543(a)(2)(ii). Where the ineffectiveness of counsel is alleged, counsel is presumed to be effective and the petitioner bears the burden of proving otherwise. **Commonwealth v. Rivers**, 786 A.2d 923, 927 (Pa. 2000). We review allegations of counsel's ineffectiveness in connection with a guilty plea[2] under the following standards:

_____

[1] A valid plea colloquy delves into six areas: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence. **See** Comment to Pa.R.Crim.P. 590(A)(2). Appellant does not challenge the sufficiency of his plea colloquy.

[2] In the present context, a plea of *nolo contendere* is treated the same as a guilty plea. **Commonwealth v. Lewis**, 791 A.2d 1227, 1230 (Pa. Super.
*(Footnote Continued Next Page)*

The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, *see generally Commonwealth v. Kimball*, 724 A.2d 326, 333 (Pa. 1999), under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. *See*, *e.g.*, [*Commonwealth v.*] *Allen*, 732 A.2d [582,] 587 [(Pa. 1999)] ("Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.")....

*Commonwealth v. Flanagan*, 854 A.2d 489, 502 (Pa. 2004). This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea. *Commonwealth v. Watson*, 835 A.2d 786 (Pa. Super. 2003). Furthermore,

[T]he constitutional ineffectiveness standard requires the defendant to rebut the presumption of professional competence by demonstrating that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. (Michael) Pierce*, 786 A.2d 203, 213 (Pa. 2001); *Commonwealth v. Kimball*, 724 A.2d 326, 333 (Pa. 1999). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

*Commonwealth v. Morrison*, 878 A.2d 102, 104-105 (Pa. Super. 2005)

(internal indentations omitted).

In addressing Appellant's claim, the PCRA court stated as follows:

*(Footnote Continued)* ────────────────

2002). Hence, all references to the term "guilty plea" shall refer to a plea of *nolo contendere*.

> [Appellant] has failed to show that [a motion to withdraw his plea] would have had a favorable outcome. He has offered no grounds that would have allowed him to withdraw his plea following his sentence. It appears [Appellant] was unhappy with the lack of certain mental health programs as part of his sentence. This certainly does not rise to the level of manifest injustice. Finally, there is nothing to suggest that [plea counsel] had any reason to believe there were grounds to support a motion for withdrawal of the guilty plea. Absent such a showing, [the court] will not find [counsel] ineffective.

PCRA Court Order, 7/8/15, at 1-2 n.1.

After careful review of the submissions of the parties, the determinations of the PCRA court, and the certified record, we agree that Appellant failed to establish a manifest injustice. In the absence of such a showing, there was no basis for filing a motion to withdraw Appellant's plea. "[I]t is axiomatic that [plea] counsel [cannot] be considered ineffective for failing to pursue meritless claims." *Commonwealth v. Pursell*, 724 A.2d 293, 304 (Pa. 1999). Because the PCRA court's determinations are supported by the record and consistent with applicable law, Appellant is not entitled to relief. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2016

- 6 -