J-S31013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: L.A.C.H. | IN THE SUPERIOR COURT OF |
| | PENNSYLVANIA |
| APPEAL OF: C.H. & A.H. | |
| | No. 1911 WDA 2016 |

Appeal from the Order Entered November 17, 2016
In the Court of Common Pleas of Clarion County
Orphans' Court at No(s):  No. 227 OC 2016

BEFORE:   PANELLA, DUBOW, and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                        **FILED JUNE 2, 2017**

C.H. ("Father") and A.H. ("Stepmother") appeal the order entered on November 17, 2016, that denied their petition seeking to involuntarily terminate the parental rights of K.D.H. ("Mother"), pursuant to the Adoption Act, 23 Pa.C.S.A. § 2511(a)(1) and (b), to L.A.C.H. ("Child"), the female child of Father and Mother, born in August 2008. We affirm.

In its opinion, the orphans' court set forth the factual background and procedural history of this appeal, which we adopt herein. *See* Orphans' Court Opinion, 1/24/17, at 1-14 (unpaginated). On September 28, 2016, Father and Stepmother filed the petition seeking to involuntarily terminate

the parental rights of Mother to Child pursuant to section 2511(a)(1),[1] and a report of intention for Stepmother to adopt Child. The orphans' court held an evidentiary hearing on November 16, 2016. At the hearing, Father and Stepmother presented the testimony of Cami Hrisak, Child's therapist, as an expert as a licensed clinical social worker and in the field of counseling. Stepmother and Father testified on their own behalf. They also presented the testimony of S.J., who is Child's teacher at school. Finally, Father and Stepmother presented the testimony of D.S., the headmaster at Child's school.

Mother testified on her own behalf. She also presented the testimony of Jory Hubler, who is employed at Misty Isle Bridges; and S.M. and K.W., who are Mother's friends.

Based on this testimony and the documentary evidence admitted at the hearing, the court entered its order denying the termination and adoption petitions. Father and Stepmother timely filed a notice of appeal and concise statement pursuant to Pa.R.A.P. 1925(a)(2)(i).

On appeal, Father and Stepmother raise three issues:

1. Did the Orphans Court abuse its discretion and err as a matter of law in failing to consider the statute in 23 Pa.C.S.A. § 2511 (a)(1) which states that "[t]he parent by conduct

---

[1] The petition provided that Father and Stepmother were married in June 2014, and that Father had primary physical custody of Child since a March 6, 2015 stipulation and custody consent order, which provided Mother an opportunity for supervised visits with child through Misty Isle Bridges.

continuing for a period of at least six months immediately preceding the filing of the petition **_either_** has evidenced a settled purpose of relinquishing parental claim to a child **_or_** failed to perform parental duties." [emphasis added]

...

2. Did the Orphans Court abuse its discretion and err as a matter of law in failing to consider the statute in 23 Pa.C.S.A. § 2511 (a)(2) which states that "[t]he **_repeated and continued incapacity_**, abuse, neglect **_or refusa_**l of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or **_will not be remedied by the parent_**." [emphasis added]

…

3. Did the Orphans Court abuse its discretion and err as a matter of law in failing to consider under "Other considerations" (23 Pa.C.S.A. § 2511(c)[)] that Mother had been designated a sexual abuse perpetrator by the Pennsylvania Department of Welfare Children and Youth Services under the Child Line Abuse Registry for acts perpetrated on the child in question.

…

Father's and Stepmother's Brief, at 5-6 (emphasis and brackets in original). [2]

In reviewing an appeal from an order terminating parental rights, we adhere to the following standard:

[A]ppellate courts must apply an abuse of discretion standard when considering a trial court's determination of a petition for termination of parental rights. As in dependency cases, our standard of review requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. As has been often stated, an abuse of discretion does not result merely because

---

[2] We note that the concise statement did not include the statutory section in the third issue. We, nevertheless, find the issue preserved for our review.

- 3 -

the reviewing court might have reached a different conclusion. Instead, a decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will.

[T]here are clear reasons for applying an abuse of discretion standard of review in these cases. We observed that, unlike trial courts, appellate courts are not equipped to make the fact-specific determinations on a cold record, where the trial judges are observing the parties during the relevant hearing and often presiding over numerous other hearings regarding the child and parents. Therefore, even where the facts could support an opposite result, as is often the case in dependency and termination cases, an appellate court must resist the urge to second guess the trial court and impose its own credibility determinations and judgment; instead we must defer to the trial judges so long as the factual findings are supported by the record and the court's legal conclusions are not the result of an error of law or an abuse of discretion.

*In re Adoption of S.P.*, 47 A.3d 817, 826-827 (Pa. 2012) (internal citations omitted).

The burden is upon the *petitioner* to prove by clear and convincing evidence that the asserted grounds for seeking the termination of parental rights are valid. *See In re R.N.J.*, 985 A.2d 273, 276 (Pa. Super. 2009).

Moreover, we have explained that

[t]he standard of clear and convincing evidence is defined as testimony that is so "clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue."

*Id*. (quoting *In re J.L.C.*, 837 A.2d 1247, 1251 (Pa. Super. 2003)).

In their brief, Father and Stepmother contend that the orphans' court abused its discretion or erred as a matter of law in concluding that the evidence was insufficient to support the involuntary termination of Mother's

parental rights under § 2511(a)(1). Alternatively, they argue the court abused its discretion or erred as a matter of law in concluding that the evidence was insufficient to support the involuntary termination of Mother's parental rights under § 2511(a)(2).[3] Finally, they urge that the court abused its discretion in failing to consider, under "Other considerations,"[4] that Mother had been designated a sexual abuse perpetrator by the Pennsylvania Department of Welfare Children and Youth Services under the Child Line Abuse Registry for acts perpetrated on Child.

This Court may affirm the lower court's decision regarding the termination of parental rights with regard to any one subsection of section

_____

[3] The orphans' court never reviewed § 2511(a)(2), finding that section was not raised in the petition. We agree with the court that Father and Stepmother waived § 2511(a)(2) by failing to raise that section in the lower court. **See** Pa.R.A.P. 302(a). The fact that Father and Stepmother raised the claim in their concise statement does not alter our conclusion. **See Commonwealth v. Watson**, 835 A.2d 786, 791 (Pa. Super. 2003) (stating "[a] party cannot rectify the failure to preserve an issue [for appeal] by proffering it in response" to the court's request for a Rule 1925(b) statement).

[4] Father and Stepmother cite § 2511(c) as providing for "Other considerations." This citation appears to be a typographical error, as the section captioned "Other considerations" is § 2511(b), *infra*. Section 2511(c), is captioned, "**(c) Right to file personal and medical history information**." Section 2511(c) provides, "At the time the decree of termination is transmitted to the parent whose rights have been terminated, the court shall advise the parent, in writing, of his or her continuing right to place and update personal and medical history information whether or not the medical condition is in existence or discoverable at the time of adoption, on file with the court and with the Department of Public Welfare pursuant to Subchapter B of Chapter 29 (relating to records and access to information)." (footnote omitted).

2511(a), along with section 2511(b). ***See In re B.L.W.***, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*). Section 2511(a)(1), (2), and (b), provide as follows:

**§ 2511. Grounds for involuntary termination**

**(a) General rule.**--The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

(1) The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.

\* \* \*

**(b) Other considerations.**--The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. § 2511.

With respect to § 2511(a)(1), our Supreme Court has held that

[o]nce the evidence establishes a failure to perform parental duties or a settled purpose of relinquishing parental rights, the court must engage in three lines of inquiry: (1) the parent's explanation for his or her conduct; (2) the post-abandonment contact between parent and child; and (3) consideration of the effect of termination of parental rights on the child pursuant to Section 2511(b).

***In re Adoption of Charles E.D.M.***, 708 A.2d 88, 92 (Pa. 1988).

Further, this Court has stated that

the trial court must consider the whole history of a given case and not mechanically apply the six-month statutory provision. The court must examine the individual circumstances of each case and consider all explanations offered by the parent facing termination of his or her parental rights, to determine if the evidence, in light of the totality of the circumstances, clearly warrants the involuntary termination.

***In re B.,N.M.***, 856 A.2d 847, 854-855 (Pa. Super. 2004) (citations omitted).

Father and Stepmother argue that the record clearly established that Mother's conduct over the six months immediately preceding the filing of the petition demonstrated that Mother had a settled purpose of relinquishing her parental claim and failed to perform her parental duties with regard to Child during the six-month period preceding the filing of the termination petition.

In its opinion, the court ably and methodically considered the evidence presented at the hearing, and addressed Father's and Stepmother's issues. The court's credibility determinations are supported by competent evidence in the record, so we will not disturb them. Accordingly, we adopt the court's discussion herein. **See** Orphans' Court Opinion, 1/24/17, at 15-18 (unpaginated).

Next, in regard to Father's and Stepmother's third issue, that the court failed to properly consider Mother's record as "indicated" for child abuse as "Other considerations" under the Adoption Act, **see** Orphan's Court Opinion,

1/24/17, at 4-5 (explaining circumstances of the "indicated" finding) (unpaginated), we view this issue as a matter being raised in relation to Child's needs and welfare, under § 2511(b), **see** note 4, *supra*.

Here, the court found, on the record, that there had been a fairly strong bond between Mother and Child at one time in this matter, and that there might still be a bond. **See** N.T., 11/16/16, at 268. The court, however, was unable to determine the present existence of a bond because of the interference of Father and Stepmother with Mother having the supervised visitation to which she was entitled. **See id**., at 267-268. Thus, the court found that Father and Stepmother had failed to sustain their burden of proof. **See id**., at 268-269.

We have thoroughly reviewed the record, the parties' briefs, and the applicable law with the above standards of review in mind. The record supports the court's factual findings, and the court's legal conclusions are not the result of an error of law or an abuse of discretion. As we agree with the court that termination of Mother's parental rights under § 2511(a)(1) was not warranted, and under section 2511(a)(2) was waived, the court properly did not proceed to conduct a § 2511(b) analysis.

We find no abuse of the court's discretion in failing to find that Mother's record as "indicated" for child abuse impacted on Child's needs and welfare under § 2511(b). The court found from the evidence that Father and Stepmother had interfered with Mother's previous close relationship with

Child by their placement of insurmountable obstacles between her and Child, so that Father and Stepmother interfered with the bond between Mother and Child. *See* Orphans' Court Opinion, 1/24/17, at 18 (unpaginated). This determination is supported by competent evidence in the record.

Accordingly, we affirm the orphans' court's order based on the discussion in the court's opinion entered on January 24, 2017. *See* Orphans' Court Opinion, 1/24/17, at 15-18 (unpaginated).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/2/2017