J-S74043-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
        Appellee :
:
        v. :
:
JORGE LUIS RAMOS-AYALA, :
:
        Appellant : No. 1582 EDA 2014

Appeal from the PCRA Order Entered May 12, 2014
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002721-2012

BEFORE: BENDER, P.J.E., DONOHUE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED JANUARY 23, 2015**

Jorge Luis Ramos-Ayala (Appellant) appeals *pro se* from the order
entered on May 12, 2014, dismissing his petition filed pursuant to the Post
Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we
affirm.

The factual and procedural history underlying this case can be
summarized as follows. Appellant was arrested and charged with numerous
counts related to corrupt organizations and possession and delivery of
heroin. The Commonwealth offered Appellant a plea bargain, which included
a minimum of 40 months of incarceration, but no limit on the maximum
sentence. Appellant rejected the offer and proceeded to a bench trial.
Appellant was convicted on all counts and sentenced to an aggregate term of
seven-and-a-half to fifteen years' incarceration. Appellant did not file a

_____
* Retired Senior Judge assigned to the Superior Court.

direct appeal, but on September 13, 2013, Appellant timely filed a *pro se* PCRA petition.

The PCRA court appointed Attorney John Walko to represent Appellant. Attorney Walko filed an amended petition, which asserted one claim of ineffective assistance of trial counsel. Specifically, Appellant asserted that trial counsel advised Appellant that if Appellant "were convicted at a bench trial, the worst outcome would be [one] additional year of incarceration, instead of the [three-and-a-half] years he received." PCRA Petition, 11/1/2013, at ¶ 10. Thus, Appellant asserted that, but for counsel's erroneous advice, Appellant would have accepted the plea bargain offered by the Commonwealth.

The PCRA court scheduled a hearing for March 17, 2014. On that day, Attorney Walko informed the PCRA court that upon further discussion with Appellant, Attorney Walko learned "facts that seemed to have been misconstrued or were misunderstood by myself that I set forth in my petition." N.T., 3/17/2014, at 3. Thus, Attorney Walko believed it would not be prudent to proceed with an evidentiary hearing, and instead wished to withdraw the amended petition and ask for time to file a petition to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

At that point, the PCRA court confirmed, on the record, with Appellant that Appellant understood that counsel would file a **Turner**/**Finely** letter and Appellant would have time to respond. On March 24, 2014, Attorney Walko submitted his petition to withdraw and no-merit letter. Specifically, Attorney Walko stated that, in his conversation with Appellant on the morning of the scheduled evidentiary hearing, Appellant told Attorney Walko that "at no time prior to trial did [trial counsel] advise [Appellant] that [Appellant] would receive no more than five (5) years [of] incarceration if convicted. Rather, even assuming that this communication was made by [trial counsel], that communication was made <u>after trial</u> but before [Appellant's] sentencing date." No-Merit Letter, 3/24/2014, at 3 (emphasis in original). The letter went on to detail the other claims set forth in Appellant's *pro se* PCRA petition and why they do not have merit, as well as detail the independent review of the record by counsel. On April 8, 2014, the PCRA court filed a notice of intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907 and permitted counsel to withdraw.

On April 21, 2014, Appellant filed a response to the PCRA court's Rule 907 notice. In that response, Appellant contended, *inter alia*, that he has a "language barrier and consistently asserted that he had to have a translator in his interactions with counsel and the court system." Response to Rule 907 Notice, 4/21/2014, at 1 (unnumbered). Appellant went on to aver that he told Attorney Walko that trial counsel "never advised [Appellant] of any

- 3 -

offer" made by the Commonwealth. *Id*. at 3 (unnumbered). Appellant also stated that he told trial counsel "that he would accept the 4 year plea offer." *Id*. Thus, Appellant requested leave to amend his original PCRA petition and requested an evidentiary hearing. *Id*. at 8. On May 12, 2014, the PCRA court dismissed Appellant's PCRA petition. Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.C.P. 1925.

Preliminary, we note that when reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record evidence and is free of legal error. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

On appeal, Appellant's first two issues implicate the alleged ineffective assistance of both trial and PCRA counsel. We consider these issues mindful of the following.

> The law presumes that counsel is effective and the burden of proving otherwise rests with Appellant. In order to establish a claim of ineffective assistance of counsel, Appellant must demonstrate by a preponderance of evidence that (1) the underlying claim has substantive merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) that Appellant suffered prejudice as a result of that counsel's deficient performance. In reviewing counsel's stewardship, we do not employ a hindsight evaluation of the record to determine whether other alternatives were more reasonable. Rather, counsel will be deemed to be effective so long as the course

chosen by counsel had some reasonable basis designed to effectuate his or her client's interests. Also, when it is clear that the party asserting a claim of ineffectiveness has failed to meet the prejudice prong, the claim may be dismissed on that basis alone without a determination of whether the first two prongs of the ineffectiveness standard have been met.

*Commonwealth v. Zook*, 887 A.2d 1218, 1227 (Pa. 2005) (citations omitted). "To establish the prejudice prong, the petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness." *Commonwealth v. Elliott*, 80 A.3d 415, 427 (Pa. 2013) (citing *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012)).

First, Appellant argues that trial counsel was ineffective in failing to communicate accurately the Commonwealth's plea offer. Appellant's Brief at 11-16. Specifically, Appellant contends that he rejected the offer only "after [trial counsel] convinced him that, if he were to proceed with a bench trial instead of a jury trial, the maximum sentence he would [] receive if he was convicted would be five to ten (5-10) years, RRRI eligible." Appellant's Brief at 12-13.

This argument was presented for the first time in the amended petition filed by PCRA counsel. However, PCRA counsel withdrew that petition, and substituted a *Turner*/*Finley* no-merit letter in its place. Accordingly, we must turn to Appellant's *pro se* PCRA petition to determine whether this issue is preserved properly. In that petition, Appellant asserted the following: "My lawyer illy [sic] advised me that I had a great chance of

getting 3-8 years or beating trial[.]" PCRA Petition, 9/10/2013, at 3. Such a claim is clearly different than what Appellant is now claiming on appeal. Accordingly, we conclude that Appellant has failed to preserve properly before the PCRA court the issue he presents on appeal; therefore, it is waived. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").[1]

Appellant next argues that Attorney Walko provided ineffective representation, particularly in using Appellant's "language barrier against" Appellant and "diametrically changing the version of events originally delineated in the body of his November 1, 2013 Amended PCRA petition." Appellant's Brief at 19-20.[2] Specifically, Appellant argues that immediately prior to the PCRA hearing, "PCRA counsel … discovered that [Appellant] had a 'language barrier' which precludes him from fully understanding/

---

[1] This argument appears once again in Appellant's Pa.R.A.P. 1925(b) statement, where he contended, *inter alia*, that trial counsel "advised [Appellant] that the worst outcome of a bench trial would be one additional year of confinement[.]" Concise Statement, 6/13/2014, at 1. However, it is well settled that "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." ***Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa. Super. 2003).

[2] Although the PCRA court found this issue to be waived, we conclude that it has been preserved properly as Appellant raised it in response to the PCRA court's Rule 907 notice. ***See Commonwealth v. Rykard***, 55 A.3d 1177, 1186 (Pa. Super. 2012) (holding that allegations of PCRA counsel ineffectiveness can be raised in response to the PCRA court's Rule 907 notice). Thus, we address it on its merits. Moreover, it is well-settled that "this Court may affirm the decision of the PCRA Court if it is correct on any basis." ***Commonwealth v. Hutchins***, 760 A.2d 50, 55 (Pa. Super. 2000).

comprehending the English language. As a result, PCRA counsel misinterpreted their pre-hearing conversation, and thus misstated the facts of that conversation to the PCRA court." *Id*. at 19.

First, we observe that issues with respect to Appellant's comprehension of the English language and ability to communicate were addressed, on the record, prior to Appellant's trial.

> [Trial Counsel:] Now, you've indicated that you would be more comfortable with an interpreter here, correct?
>
> [Appellant:] Yes.
>
> [Trial Counsel:] All right. We talked about that yesterday in my office, correct?
>
> [Appellant:] Uh-huh.
>
> [Trial Counsel:] You understand everything I'm saying to you, though, right?
>
> [Appellant:] Yeah, I know what you're saying.
>
> [Trial Counsel:] All right. So up to this stage, you have had no difficulty understanding what I'm saying to you in English?
>
> [Appellant:] No, I know what you're saying.
>
> [Trial Counsel:] Okay.
>
> [Appellant:] Sometimes I get it. Sometimes I get it, but I know what you're saying.
>
> ***
>
> [Trial Counsel:] All right. If you have any issues today, bring that to my attention immediately, okay? You and I have had 50, 60 discussions since we have met, right?

[Appellant:] Yes.

[Trial Counsel:] And we have always been able to communicate, correct?

[Appellant:] Yes.

***

[The Court:] Okay. I have been listening to you, and I've been watching you, and it appears to me that you do understand English.

[Appellant:] Yes.

[The Court:] And that it seems to help if we speak a little slower; is that correct?

[Appellant:] Yes. They talk a little bit slow, I can get it, but if they talk too fast, I would not get it.

[The Court:] Okay. So I know, listening to your lawyer, just now, he's speaking medium, not too fast, not too slow.

[Appellant:] Yes.

[The Court:] Did you understand him?

[Appellant:] Yes.

N.T., 6/3/2013, at 13-15.

Thus, the trial court determined that Appellant's understanding of English and ability to communicate with his attorney were adequate at the time of trial. Moreover, at the PCRA hearing, the PCRA court confirmed with Appellant that he understood the proceedings. N.T., 3/17/2014, at 5. Accordingly, we conclude there is no arguable merit to the proposition that Appellant was unable to communicate effectively with PCRA counsel.

We now turn to consider what transpired between Attorney Walko and Appellant prior to the PCRA hearing. In his response to the Rule 907 notice, Appellant asserted that he told Attorney Walko that trial counsel advised Appellant not to take the plea offer prior to the bench trial, not after the bench trial as Attorney Walko asserted. Response to 907 Notice, 4/21/2014, at 2 (unnumbered). However, such assertions are belied by the record.

At the scheduled PCRA hearing, Attorney Walko made the following statement to the PCRA court with Appellant present and listening:

> As Your Honor knows, I did file an amended petition under the PCRA act on November 1st of 2013, after I was court appointed to represent [Appellant].
>
> We are here today for evidentiary hearing on that amended petition.
>
> This morning I had the opportunity to meet with [Appellant] in detention facility downstairs. This is the first time I was able to meet with him in person, as he is currently housed at SCI Albion in Erie County, Pennsylvania. I met with him for a decent amount of time, enough to answer all of his questions, to talk about the hearing. The purpose of the meeting was to prepare for the evidentiary hearing.
>
> During the course of that meeting, I then learned facts that seemed to have been misconstrued or were misunderstood by myself that I set forth in my petition.
>
> Based upon the facts, after speaking with [Appellant], I would be of the position that the PCRA would be meritless, and it would be not prudent to proceed to an evidentiary hearing.
>
> ***
>
> I did explain all of this previously to [Appellant], that this is the way it had panned out here today, that this is what I would have to do.

- 9 -

I then got a second chance to speak to him about this prior to Your Honor taking the bench. Obviously he is disappointed on the case, but he does seem to understand that this is what needs to be done based upon the facts that would be set forth at the hearing today.

[The Court:] Okay. [Appellant,] you have had an opportunity to talk to Mr. Walko? Did you talk to your lawyer today?

[Appellant:] Yes, I talked to him.

[The Court:] And he talked to you in the holding area here?

[Appellant:] Yes.

[The Court:] And also in the courtroom today?

[Appellant:] Yes.

[The Court:] Do you need anymore time to talk to him?

[Appellant:] No. It's all right.

[The Court:] Anything you want to ask at this point? I want to make sure that he has had enough time to consult with counsel and he understands. You understand what is going on here today?

[Appellant:] Yes.

N.T., 3/17/2014, at 2-5.

Thus, it is disingenuous for Appellant to argue now that Attorney Walko somehow misunderstood or misrepresented him, when he acknowledged to the PCRA court that he did understand what Attorney Walko was going to do and how his PCRA petition was going to proceed. Accordingly, we hold that Appellant has not shown arguable merit for his

contention that Attorney Walko was ineffective. Thus, Appellant is not entitled to relief.

Appellant next argues that the PCRA court abused its discretion when it denied him permission to amend his PCRA petition. Appellant's Brief at 23-26. Specifically, Appellant argues that he "clearly indicated in his response the intent for good cause, the PCRA should grant permission for leave to amend." **Id**. at 25.[3]

> Pursuant to our Rules of Criminal Procedure, a PCRA petitioner may amend his or her PCRA petition with leave of the court:
>
> **Rule 905. Amendment and Withdrawal of Petition for Post–Conviction Collateral Relief.**
>
> (A) The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice.
>
> Pa.R.Crim.P. 905(A); **see Commonwealth v. Porter**, 613 Pa. 510, 35 A.3d 4, 12 (2012) (reiterating that Rule 905(A) "explicitly states that amendment [of a PCRA petition] is permitted only by direction or leave of the PCRA court") (emphasis added); **Commonwealth v. Flanagan**, 578 Pa. 587, 854 A.2d 489, 499 (2004) ("PCRA courts are invested with discretion to permit the amendment of a pending, timely-filed post-conviction petition ....").

---

[3] The PCRA court concluded that this issue is waived as Appellant requested leave to amend his original petition, rather than to file a second amended petition. PCRA Court Opinion, 6/4/2014, at 7. This rationale is in error in this case because the only petition the PCRA court could evaluate was the original PCRA petition filed by Appellant. Moreover, whether Appellant asked for leave to amend his original petition or to file an entirely new petition is a distinction without a difference in this case. Accordingly, we address the issue of whether the PCRA court erred in denying Appellant permission to amend/file a new petition on its merits.

***Commonwealth v. Roney***, 79 A.3d 595, 615 (Pa. 2013).

Instantly, Appellant already had filed a *pro se* PCRA petition, counsel was appointed, and a thorough analysis was completed by appointed counsel pursuant to ***Turner/Finley***.  Appellant requested to add several claims to his PCRA petition: 1) "substantial evidence that [Appellant] has a 'language barrier' and consistently asserted that he had to have a translator in his interactions with counsel and the court system;" 2) PCRA counsel's ineffectiveness; and that "the trial judge's advise [*sic*] amounted to improper interference with plea negotiations." Response to 907 Notice, 4/21/2014, at 1-8.

First, we point out that any issue regarding PCRA counsel's ineffectiveness did not need to be presented in an amended PCRA petition; we have addressed this issue on the merits, *supra*, and concluded that PCRA counsel was not ineffective3.  Moreover, Appellant did not request the services of a translator or interpreter at any time during the litigation of his PCRA petition, and we have also concluded, *supra*, that this issue is meritless.  Thus, the PCRA court could not have abused its discretion in not permitting Appellant to amend his PCRA petition on these bases.

Finally, we consider Appellant's contention regarding improper interference by the trial court at plea negotiations.[4] Appellant asserts that

---

[4] This issue is also the subject of Appellant's final argument on appeal. ***See*** Appellant's Brief at 26-28.

- 12 -

the trial judge improperly admonished Appellant during plea negotiations and recognized that trial counsel "was giving bad [advice] to Appellant." Appellant's Brief at 26. Appellant suggests that this conduct "amounted to improper interference with Appellant's plea negotiating deal." *Id*. at 28.

Once again, Appellant is not entitled to relief, as this issue, which concerns potential error of the trial court, could have been raised at trial or on direct appeal. 42 Pa.C.S. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."). Since Appellant did not raise this issue in a timely fashion, it is waived.

For the foregoing reasons, we affirm the order of the PCRA court denying Appellant PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2015