J.S17034/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AARON LABREW DAVIS, JR. | : | |
| | : | |
| Appellant | : | |
| | : | No. 1426 WDA 2015 |

Appeal from the PCRA Order January 23, 2015
in the Court of Common Pleas of Fayette County Criminal Division
at No(s): CP-26-CR-0000250-2011

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED APRIL 6, 2016**

Appellant, Aaron LaBrew Davis, Jr., appeals from the order entered in the Fayette County Court of Common Pleas denying, after an evidentiary hearing, his first timely Post Conviction Relief Act[1] ("PCRA") petition. Appellant contends, among other issues, the Commonwealth violated ***Brady v. Maryland***, 373 U.S. 83 (1963), by not informing him—prior to his trial— that the victim had no medical records of Appellant's assault. We affirm.

We adopt the PCRA court's recitation of the facts and procedural history. ***See*** PCRA Ct. Op., 1/23/15, at 1-2. At trial, the jury heard evidence that Appellant admitted to assaulting the victim. N.T. Trial, 5/3-5/5/11, at 92, 96-97. We reiterate that Appellant was convicted of

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

aggravated assault (attempt by physical menace to put a correctional institution employee in fear of imminent serious bodily injury);[2] aggravated assault (attempt to cause or causes bodily injury to a correctional institution employee);[3] simple assault (attempt by physical menace to put another in fear of imminent serious bodily injury);[4] and simple assault (attempts to cause or causes bodily injury to another).[5] We also note that on direct appeal, Appellant asserted his sentence was excessive, which this Court rejected. **Commonwealth v. Davis**, 897 WDA 2011 at 3 (Pa. Super. June 12, 2012) (unpublished memorandum).

At the PCRA evidentiary hearing, Appellant testified that he was aware that the Department of Corrections investigated the victim for improper communication with an inmate six months after Appellant's conviction and over a year after his assault on the victim:

> [District attorney]. And you would agree that these allegations or the charges that were brought against [the victim] occurred years after this incident and your conviction, is that correct? When she was actually charged with her crimes?
>
> [Appellant]. Yes.

---

[2] 18 Pa.C.S. § 2702(a)(6).

[3] 18 Pa.C.S. § 2702(a)(3).

[4] 18 Pa.C.S. § 2701(a)(3).

[5] 18 Pa.C.S. § 2701(a)(1).

Q. It didn't occur in 2010, 2011, not until 2012, is that right?

A. Yes.

Q. Long after your contact with [victim]?

A. Fourteen months later.

N.T. PCRA Hr'g, 7/24/13, at 20.

On January 23, 2015, the PCRA court denied Appellant's PCRA petition. Appellant did not immediately file a direct appeal. Appellant, *pro se*, filed a second PCRA petition that was docketed on March 2, 2015. The PCRA court dismissed Appellant's second petition after issuing a Pa.R.Crim.P. 907 notice.

On September 10, 2015, Appellant filed a counseled motion to appeal *nunc pro tunc* from the January 23, 2015 order denying his first PCRA petition. The PCRA court granted the motion on September 15, 2015, and Appellant filed a timely notice of appeal on September 16, 2015. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues:

Whether the Commonwealth engaged in prosecutorial misconduct resulting in ***Brady*** violations for: failing to notify Appellant that the alleged victim . . . did not seek medical treatment; and by failing to disclose the investigation concerning the alleged victim?

Whether trial counsel . . . was ineffective for: failing to specifically request the alleged victim's . . . medical records regarding the alleged incident; failing to conduct an independent investigation into the alleged victim's background; and failing to communicate with Appellant?

> Whether Appellant's sentence of twenty-seven (27) to one hundred twenty (120) months incarceration is excessive for the charge of aggravated assault attempt to cause bodily injury?

Appellant's Brief at 5.

We summarize Appellant's arguments for his first two issues. He contends that the Commonwealth had an obligation to disclose, prior to trial, the nonexistence of any medical records regarding the victim's assault. *Id.* at 13. He opines that the absence of any medical records is favorable to his case as it tends to undermine the victim's assertion that she was assaulted. *Id.* Appellant asserts that the absence of the victim's medical records was disclosed only after trial. *Id.* He also posits that the Commonwealth had an obligation to disclose that the victim was allegedly under investigation by the Department of Corrections into whether the victim and an inmate were involved in passing a note.[6] We conclude Appellant is not entitled to relief.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267 (Pa. 2008) (citation omitted).

> [C]ounsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or

---

[6] The Commonwealth did not file a brief.

omission. To demonstrate prejudice, an appellant must prove that a reasonable probability of acquittal existed but for the action or omission of trial counsel. A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. Further, a PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.

**Commonwealth v. Perry**, 959 A.2d 932, 936 (Pa. Super. 2008)

(punctuation and citations omitted).

With respect to whether **Brady** applies to a particular factual scenario, the standard of review is *de novo*, as it is a question of law.

Under **Brady**, the prosecution's failure to divulge **exculpatory** evidence is a violation of a defendant's Fourteenth Amendment due process rights. [T]o establish a **Brady** violation, a defendant is required to demonstrate that **exculpatory** or **impeaching** evidence, favorable to the defense, was suppressed by the prosecution, to the prejudice of the defendant.

The burden of proof is on the defendant to demonstrate that the Commonwealth withheld or suppressed evidence. . . . Similarly, this Court has limited the prosecution's disclosure duty such that it does not provide a general right of discovery to defendants. . . .

\* \* \*

As to **Brady** claims advanced under the PCRA, a defendant must demonstrate that the alleged **Brady** violation so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The Commonwealth notes that the United States Supreme Court has held that [t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense.

***Commonwealth v. Cam Ly***, 980 A.2d 61, 75-76 (Pa. 2009) (emphases added and internal quotation marks and citations omitted). Omitted evidence must be evaluated in the context of the entire record, as "[i]f there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial." ***Commonwealth v. Copenhefer***, 719 A.2d 242, 259 (Pa. 1998) (citation omitted). The government cannot violate ***Brady*** by failing to turn over nonexistent evidence. ***Strube v. United States***, 206 F. Supp. 2d 677, 688 (E.D. Pa. 2002).[7]

Instantly, medical records never existed. At the PCRA evidentiary hearing, Appellant acknowledged there were no medical records. PCRA Hr'g at 12. Thus, the Commonwealth did not have an affirmative duty to turn over nonexistent records prior to trial. ***See Strube***, 206 F. Supp. 2d. at 688. With respect to Appellant's contention that the Commonwealth should have disclosed that the Department of Corrections was investigating the victim, Appellant conceded that the investigation and charging of the victim occurred over a year after his conviction. ***See*** N.T. PCRA Hr'g at 20. Regardless, neither the nonexistence of the victim's medical records nor the investigation of the victim undermine confidence in the verdict given the

---

[7] While we recognize "that federal court decisions do not control the determinations of the Superior Court," ***NASDAQ OMX PHLX, Inc. v. PennMont Secs.***, 52 A.3d 296, 303 (Pa. Super. 2012), such decisions remain persuasive authority.

entire record, which includes Appellant's confession.  **See** N.T. Trial at 92, 96-97; **Copenhefer**, 719 A.2d at 259.

For his last issue, Appellant claims his sentence is excessive.  He does not allege his sentence exceeds the statutory limits or that his trial counsel was ineffective with respect to his sentence.  It is well-settled that Appellant's claim—not couched as ineffective assistance of counsel—is not cognizable under the PCRA.  **See generally Commonwealth v. Taylor**, 65 A.3d 462, 467 (Pa. Super. 2013); **Commonwealth v. Watson**, 835 A.2d 786, 801 (Pa. Super. 2003).  In any event, this Court had previously rejected Appellant's excessive-sentence claim on direct appeal.  **See Davis**, 897 WDA 2011 at 3.  Because Appellant's issues lack arguable merit, we cannot hold that his trial counsel was ineffective.  **See Perry**, 959 A.2d at 936.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2016