J. S21039/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT LEE HOLT, SR., | : | No. 1681 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, October 20, 2017,
in the Court of Common Pleas of Fayette County
Criminal Division at No. CP-26-CR-0000334-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT LEE HOLT, SR., | : | No. 1682 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, October 20, 2017,
in the Court of Common Pleas of Fayette County
Criminal Division at No. CP-26-CR-0000505-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT LEE HOLT, SR., | : | No. 1683 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, October 20, 2017,
in the Court of Common Pleas of Fayette County
Criminal Division at No. CP-26-CR-0000629-2015

BEFORE:  OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                    **FILED JUNE 6, 2018**

Robert Lee Holt appeals from the October 20, 2017 order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

Appellant pled guilty to charges at three docket numbers as part of a general open plea.  At CP-26-CR-0000334-2015, appellant pled guilty to one count of theft by deception—false impression and two counts of access device fraud.[1]  Appellant was sentenced to a term of 3 to 24 months' imprisonment for one count of the access device fraud and received no further penalty on the other two charges.

At CP-26-CR-0000505-215, appellant pled guilty to two counts of criminal attempt—acquire or obtain possession of controlled substances misrepresentation, one count of identity theft, and one count of forgery— utters forged writing.[2]  Appellant was sentenced to a term of four to eight years' imprisonment for one count of criminal attempt.  For the other two charges, he received no further penalty.  This sentence ran concurrently with the sentence at CP-26-CR-0000334-2015.

---

[1] 18 Pa.C.S.A. §§ 3922(a)(1) and 4106(a)(1)(ii), respectively.

[2] 18 Pa.C.S.A. §§ 901(a), 4120(a), and 4101(a)(3), respectively.

At CP-26-CR-0000629-2015, appellant pled guilty to one count of intent to possess a controlled substance by person not registered and one count of use/possession of drug paraphernalia.[3] Appellant was sentenced to one year of probation following the completion of the other two sentences. Appellant received his sentence on December 18, 2015. Appellant did not file a direct appeal.

On December 16, 2016, appellant moved for relief pursuant to the PCRA. His petition focused on his contention that his trial counsel was ineffective because he told him that it was in his best interest not to accept the plea deal offered by the Commonwealth because he would get what they offered or less based on his health in an open plea. Appellant also stated that he desired to file for a modification of his sentence, but counsel did not do so. Appellant also alleged that he was not told the maximum penalties for the crimes for which he pleaded guilty.

On January 3, 2017, Dianne Zerega, Esq. ("Attorney Zerega") was appointed to represent appellant. On March 3, 2017, appellant, as represented by Attorney Zerega, filed an amended PCRA petition and alleged that trial counsel was ineffective because counsel advised appellant to take a general plea instead of the offered plea bargain because the trial court would be lenient due to appellant's poor health.

---

[3] 35 P.S. §§ 780-113(a)(16) and 780-113(a)(32), respectively.

The trial court held a hearing on the PCRA petition on April 13, 2017. Appellant testified that he had a private attorney prior to the Public Defender's Office but could not remember who it was. (Notes of testimony, 4/13/17 at 4.) Appellant also testified that his initial private attorney told him that with a general plea he might get a better sentence than the two to four years of imprisonment offered because of his medical condition.[4] (*Id.* at 6.) Appellant did not remember if he talked to any attorney from the Public Defender's Office about the first attorney's recommendation. (*Id.*) Appellant further testified that he did not discuss what sentence he might receive with a general plea as compared to the plea bargain with the Public Defender's Office and did not learn what the maximum sentence could be. (*Id.* at 7.) On cross-examination, appellant admitted that he entered a general plea of his own free will, based on what his first attorney told him. (*Id.* at 10.) He testified that no one from the Public Defender's Office told him that he could get more than two to four years by entering a general plea. (*Id.* at 11.) Appellant admitted that at the time of the sentencing hearing he was "strung out at the time too on narcotics." (*Id.* at 14.) When asked whether he understood the proceedings, appellant replied, "I did but I didn't. I was high. It was just, I am not going to lie, I was high on the

---

[4] Appellant testified that he had chronic obstructive pulmonary disease, emphysema, sarcosis of the lungs, and hepatitis c. He also testified that he was on oxygen all the time. (*Id.* at 9.)

process. I stayed high for about twenty some years. I am clean now. I am finally clean again now." (*Id.* at 14.)[5]

Jeffrey Whiteko, Esq. ("Attorney Whiteko"), of the Public Defender's Office and appellant's counsel at the plea hearing, did not recall meeting appellant and proceeding with plea proceedings. (*Id.* at 16.) After reviewing the file, he testified that the Public Defender's Office conveyed an offer from the District Attorney's Office by mail, but appellant did not return their phone calls. (*Id.* at 16.) Attorney Whiteko did not recall any discussion with appellant regarding a plea bargain versus a general plea. He did not recall going over appellant's charges with him and telling him what penalties could be imposed and what the maximum term could be if he entered a general plea. (*Id.* at 16-17.) While he did not specifically remember doing that, Attorney Whiteko testified that he typically would do so and that was part of the normal course of business of his office. (*Id.* at 17.) Attorney Whiteko testified that appellant knew that he was entering a general plea because he thought he would do better than two to four years' imprisonment, though Attorney Whiteko did not agree with him. (*Id.* at 18.)

Shane Gannon, Esq. ("Attorney Gannon") of the Public Defender's Office, represented appellant at the sentencing hearing. Attorney Gannon corroborated Attorney Whiteko's testimony that typically their office would

---

[5] At the plea hearing, appellant testified that he had not used medicine or drugs in the previous 48 hours and further testified that he was entering a plea under his own free will. (Notes of testimony, 11/2/15 at 3.)

have conversations concerning the maximum time a client could receive if he entered a general plea. (*Id.* at 21.)

By opinion and order dated June 1, 2017, the trial court explained why it was denying the PCRA petition. The trial court determined that appellant failed to establish that his underlying claim was of arguable merit. The trial court did not file the formal order denying the petition until October 20, 2017.

On November 9, 2017, appellant filed a notice of appeal. On November 17, 2017, the trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied with the request on November 28, 2017. On December 15, 2017, the trial court issued a statement in lieu of opinion and stated that it would rely on its June 1, 2017 opinion and order and the record rather than writing a new opinion.

Appellant raises the following issues for this court's review:

> 1. Was trial counsel ineffective when counsel advised him to reject the plea bargain offer and instead proceed with a general plea?
>
> 2. Was trial counsel ineffective when he failed to advise him of the full amount of time that he was facing with these charges?

Appellant's brief at 4 (capitalization omitted).

PCRA petitions are subject to the following standard of review:

> "[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the

> PCRA court are supported by the record and free of legal error." **Commonwealth v. Dennis**, 609 Pa. 442, 17 A.3d 297, 301 (Pa. 2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. **Id.** at 305 (citations omitted). To obtain PCRA relief, appellant must plead and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S. § 9543(a)(2); (2) his claims have not been previously litigated or waived, **id.** § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel[.]" **Id.** § 9543(a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue[.]" **Id.** § 9544(a)(2). "[A]n issue is waived if [appellant] could have raised it but failed to so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." **Id.** § 9544(b).

**Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015).

Instantly, all of appellant's claims challenge the effectiveness of counsel. To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish that "the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." **Commonwealth v. Charleston**, 94 A.3d 1012, 1020

(Pa.Super. 2014), *appeal denied*, 104 A.3d 523 (Pa. 2014) (citation omitted). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011) (citation omitted). Additionally, we note that "counsel cannot be held ineffective for failing to pursue a meritless claim[.]" *Commonwealth v. Hall*, 867 A.2d 619, 632 (Pa.Super. 2005), *appeal denied*, 895 A.2d 549 (Pa. 2006).

> "On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Abu-Jamal*, 574 Pa. 724, 731, 833 A.2d 719, 723 (2003). We review allegations of counsel's ineffectiveness in connection with a guilty plea under the following standards:
>
>> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, *see generally Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999), under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. *See, e.g.*, [*Commonwealth v.*] *Allen*, 557 Pa. [135,] 144, 732 A.2d [582,] 587 [(1999)] ("Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to

- 8 -

> enter an involuntary or unknowing plea."). . . .

> ***Commonwealth v. Flanagan***, 578 Pa. 587, 608-09, 854 A.2d 489, 502 (2004). This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea. ***Commonwealth v. Watson***, 835 A.2d 786 (Pa.Super. 2003).

***Commonwealth v. Morrison***, 878 A.2d 102, 104-105 (Pa.Super. 2005), ***appeal denied***, 887 A.2d 1241 (Pa. 2005). "In determining whether a plea was voluntarily entered into, an examination of the totality of the circumstances is warranted." ***Commonwealth v. Allen***, 732 A.2d 582, 588-589 (Pa. 1999).

Appellant acknowledges that he turned down the negotiated plea bargain. He argues that either an attorney from the Public Defender's Office or a private attorney advised him to do so because he was likely to receive a lesser sentence due to his serious health problems. Later, in his brief, appellant argues that it was his private counsel that gave him this advice.

The trial court found that this claim for ineffectiveness of counsel failed because appellant failed to establish that the underlying claim has arguable merit. Appellant's counsel at the time of the plea and sentencing were Attorney Whiteko, Attorney Gannon, and others of the Public Defender's Office. Appellant does not assert that anyone from that office gave him this advice. The only person who allegedly advised appellant not to accept the

plea bargain is an unnamed private attorney. The trial court did not err when it determined that this claim had no merit.

Appellant next contends that counsel was ineffective because counsel failed to inform him of the full amount of time that he faced with these charges. Appellant testified that he was not told he could receive more than two to four years' imprisonment. (Notes of testimony, 4/13/17 at 11.) Attorney Whiteko and Attorney Gannon both testified that the Public Defender's Office goes over the possible maximum sentences with their clients as a matter of course, even if they could not remember whether they did so in this particular case.

"A PCRA court's credibility findings are to be accorded great deference. Indeed, where the record supports the PCRA court's credibility determinations, such determinations are binding on a reviewing court." *Commonwealth v. Dennis*, 17 A.3d 297, 305 (Pa. 2011) (citations omitted.)

The trial court noted that there was no evidence in the record supporting appellant's claims. Although it did not state so specifically, the trial court obviously did not credit appellant's testimony and credited the testimony of Attorney Whiteko and Attorney Gannon. It was appellant's burden to prove that counsel was ineffective. *See Ousley*, 21 A.3d at 1242. As appellant failed to introduce credible evidence in support of his claim, appellant failed to meet his burden.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2018