J-S62013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    : PENNSYLVANIA
                                    :
          v.                 :
                                    :
                                    :
C. DIVINE ALLAH              :
                                    :
          Appellant       : No. 437 EDA 2018

Appeal from the PCRA Order January 2, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0007641-2014

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:        **FILED NOVEMBER 19, 2018**

C. Divine Allah appeals from the order, entered in the Court of Common Pleas of Bucks County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful review, we affirm, in substantial part based on the opinion authored by the Honorable Diane E. Gibbons.

On February 19, 2015, Allah entered an open plea of guilty to two counts of possession with intent to deliver and one count each of possession of a controlled substance, use/possession of drug paraphernalia and criminal use of a communication facility.  These charges arose from a controlled buy of heroin and crack cocaine executed by the Bensalem Police Department with the cooperation of a confidential informant.  That same day, Allah was sentenced to an aggregate term of 5 to 18 years' imprisonment.  Upon consideration of Allah's motion to reconsider sentence, on April 22, 2015, the

trial court modified the sentence imposed for criminal use of a communication facility, reducing the maximum sentence from 5 years' to 2½ years' incarceration. This reduced Allah's aggregate maximum sentence from 18 years to 15½ years' incarceration. The court also determined that Allah was an eligible offender under the Recidivism Risk Reduction Incentive Act[1] ("RRRI") and imposed an RRRI minimum sentence of 50 months. Allah appealed his judgment of sentence, which was affirmed by this Court on January 27, 2016. **See Commonwealth v. Allah**, 1507 EDA 2015 (Pa. Super. filed 1/27/16) (unpublished memorandum decision).

On March 4, 2016, Allah filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, followed by substitute counsel, who filed an amended petition on May 24, 2017. The Commonwealth filed a response and, on September 12, 2017, the PCRA court notified Allah of its intent to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907. On September 27, 2017, Allah filed a motion for leave to file an amended petition, which the PCRA court granted. The Commonwealth filed an answer to Allah's second amended petition and, thereafter, by order dated January 2, 2017, the court denied relief. Allah timely appealed and now raises the following claims for our review:

> 1. Did the [PCRA] court err in denying [Allah] an evidentiary hearing pursuant to the [PCRA] inasmuch as [Allah] had issues

---

[1] 61 Pa.C.S.A. §§ 4501-4512.

meritorious of review that could only be properly considered following an evidentiary hearing?

2. Did the [PCRA] court err in its determination, without a hearing, that trial counsel provided to [Allah] at the time of sentencing effective assistance of counsel despite trial counsel's alleged failure to recognize that the sentencing guidelines used to sentence [Allah] miscalculated [his] prior record score, and thus the guideline ranges used to determine the appropriate sentence were inaccurate?

Brief of Appellant, at v.

We begin by noting that our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. *Commonwealth v. Colavita*, 993 A.2d 874, 886 (Pa. 2010). The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. *Id.*

Here, the PCRA court dismissed Allah's petition without a hearing. Where a PCRA petition does not raise a "genuine issue[ ] of material fact," the reviewing court is not required to hold an evidentiary hearing on the petition. *Commonwealth v. Simpson*, 66 A.3d 253, 260–61 (Pa. 2013); Pa.R.Crim.P. 907 ("A petition for post-conviction collateral relief may be granted without a hearing when the petition and answer show that there is no genuine issue concerning any material fact and that the defendant is entitled to relief as a matter of law."). Thus, to entitle himself to a hearing, a petitioner must raise an issue of fact, which, if resolved in his favor, would justify relief. *Commonwealth v. D'Amato*, 856 A.2d 806, 820 (Pa. 2004).

Allah's primary claim involves an allegation of counsel's ineffectiveness. "It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012), citing *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). To prove that counsel was ineffective, a petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) he was prejudiced by counsel's act or omission. *Koehler*, 36 A.3d at 132. Failure to prove any prong of this test will defeat an ineffectiveness claim. *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014).

Allah asserts that the PCRA court erred in failing to find trial counsel ineffective for not ensuring that his prior record score ("PRS") was correctly calculated and that the correct guideline ranges were used to determine his sentence.[2] In particular, Allah challenges the inclusion and grading of "many

---

[2] A challenge involving the calculation and application of a PRS implicates that discretionary aspects of sentencing. *See Commonwealth v. Spenny*, 128 A.3d 234, 241 (Pa. Super. 2015). A direct challenge to the discretionary aspects of sentencing is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(vii); *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007). However, we have held that a claim regarding the discretionary aspects of a sentence raised in the context of an ineffectiveness claim is cognizable under the PCRA. *See Commonwealth v. Watson*, 835 A.2d 786, 801 (Pa. Super. 2003) ("[A] claim regarding the discretionary aspects of [the defendant's] sentence, raised in the context of an ineffectiveness claim, would be cognizable under the PCRA.").

of [his] foreign offenses, including, New Jersey [r]eceiving [s]tolen [p]roperty, [t]ampering with [p]ublic [r]ecords, and [f]ailure to [t]urn [o]ver [c]ontrolled [s]ubstance." Brief of Appellant, at 17. Allah argues that the trial court "did not identify the elements of the foreign convictions and on that basis alone, identify the Pennsylvania statute that 'is substantially identical in nature and definition' to the out-of-state offenses." Brief of Appellant, at 17. Allah concedes that the PCRA court, in denying relief, did perform a guidelines calculation. *See* Brief of Appellant, at 12 ("[T]he only manner in which the lower court could [conclude that the correct guidelines were used] is for the lower court to review [Allah's] criminal history and to perform a guideline calculation. In reviewing the [o]pinion, *it appears that the lower court did, in fact[,] do this*[.]") (emphasis added). However, Allah claims that, because the court did not do so on the record, in the context of a hearing, and because his criminal history was not admitted into evidence, he "has no way of knowing what the lower court actually reviewed." *Id.* Allah's claim is meritless.

A petitioner is not entitled to relief on a claim of ineffectiveness unless he pleads and proves all three prongs of the ineffectiveness test. *Koehler*, *supra*. Here, Allah has failed to demonstrate that his underlying claim has merit. Allah's ineffectiveness claim is based on his assertion, unsupported by specifically identified errors, that his PRS was inaccurately calculated.[3] While

_____

[3] Under Pennsylvania's sentencing guidelines, the calculation of the PRS includes offenses committed both within the Commonwealth and in foreign,

Allah generally asserts that "many of [his] foreign convictions," Brief of Appellant, at 17, were incorrectly included in his PRS, he does not identify how, specifically, the court erred in its calculation, or suggest what he believes his correct PRS to be. Nor does Allah claim that his rap sheet, on which his PRS is based, is incorrect. Indeed, the trial court reviewed Allah's extensive New Jersey criminal history on the record at sentencing. *See* N.T. Sentencing, 2/19/15, at 27-30. Neither Allah nor his counsel disputed the accuracy of the court's recitation. Moreover, Allah attached as an exhibit to his amended PCRA petition a copy of an email from the assistant district attorney to his own counsel, setting forth his entire criminal history, prepared in contemplation of sentencing for purposes of calculation of Allah's PRS. He does not dispute that the account of his prior record is correct.[4] Finally, the Commonwealth

---

out-of-state jurisdictions. *See* 204 Pa.Code § 303.8(a)-(f). An out-of-state offense is scored "as a conviction for the current equivalent Pennsylvania offense." 204 Pa.Code § 303.8(f)(1). An "equivalent offense" is one "which is substantially identical in nature and definition to the out-of-state or federal offense when compared to the Pennsylvania offense." *Commonwealth v. Northrip*, 985 A.2d 734, 738 (Pa. 2009) (citation and brackets omitted). When there is no current equivalent Pennsylvania offense, the score is determined based on the current Pennsylvania grading of the offense based on the maximum sentence permitted. 204 Pa.Code § 303.8(f)(3).

[4] In his PCRA petition, Allah challenged the inclusion of one New Jersey conviction, which was vacated subsequent to his sentencing in this matter, in his PRS. Allah does not raise this issue on appeal. In any event, counsel cannot be deemed ineffective for not objecting to the inclusion in the PRS of an offense that, at the time, had not yet been vacated.

attached Allah's criminal record as an exhibit to its response to Allah's second amended PCRA petition. He does not dispute its accuracy.

Nor does Allah suggest how the same information, presented in the context of a PCRA hearing, would have resulted in a grant of relief. "PCRA hearings are not discovery expeditions; rather, they are conducted when necessary to offer the petitioner an opportunity to prove that which he already has asserted, and only when his proffer establishes a colorable claim about which there remains a material issue of fact." *Commonwealth v. Sneed*, 45 A.3d 1096, 1107 (Pa. 2012).

In sum, Allah has failed to raise an issue of material fact as to the accuracy of the court's calculation of his PRS. The trial court based its PRS calculation on Allah's criminal record, the contents of which he does not dispute. In its opinion, the PCRA court engages in a thorough review of Allah's criminal history, identifies the equivalent Pennsylvania offenses and/or grades as required under section 303.8(f) of the Sentencing Guidelines, and explains how it arrived at a PRS of five. *See* PCRA Court Opinion, 4/13/18, at 4-12. We can discern no error in the court's calculation.[5]

Because Allah has failed to plead and prove that there is arguable merit to his claim that his PRS was improperly calculated, his ineffectiveness claim must fail. *Koehler*, *supra*. Moreover, as Allah's ineffectiveness claim fails as a matter of law, he has failed to raise a general issue of material fact.

---

[5] The parties are directed to attach a copy of the PCRA court's opinion in the event of further proceedings in this matter.

***Simpson***, ***supra***.  Accordingly, the PCRA court did not commit an error of law or abuse its discretion in dismissing his petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/18