J-S18007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS P. JANCEWICZ | : | |
| | : | |
| Appellant | : | No. 1416 MDA 2019 |

Appeal from the Judgment of Sentence Entered August 6, 2019,
in the Court of Common Pleas of Sullivan County,
Criminal Division at No(s): CP-57-SA-0000002-2018.

BEFORE: KUNSELMAN, J., KING, J., and STEVENS, P.J.E.*

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 05, 2020**

Thomas P. Jancewicz appeals from the judgment of sentence imposed following his summary conviction for driving while his operating privileges were suspended or revoked.[1] Upon review, affirm.

The facts, as summarized by the trial court and adopted by this Court in Jancewicz' prior appeal, are as follows:

> This matter came before the [c]ourt on a summary appeal on July 3, 2018. [Appellant] was charged with four offenses from an incident, which occurred on October 21, 2017. More specifically, [Appellant] was charged with [o]peration of a vehicle while operating privilege is suspended or revoked, 7[5] Pa.C.S. [§] 1543(b)(1), carrying and exhibiting driver's license on demand, 7[5] Pa.C.S. [§] 1511(a), registration card to be signed and exhibited on demand, 75 Pa.C.S. [§] 1311(b) and operating motor

---

* Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 1543(a).

vehicle without the required financial responsibility, 75 Pa.C.S. [§] 1786(f).

Magisterial District Judge Jennifer Vandine found [Appellant] guilty of all four charges on January 2, 2018 and [Appellant] was sentenced to sixty (60) days incarceration and was fined approximately Three Hundred Fifty Dollars ($350.00). [Appellant] filed an appeal to [the trial court] and a hearing was held thereon on July 3, 2018.

\* \* \*

Following the hearing, the [trial court] found that [Appellant's] operating privilege had been suspended, DUI related, for a period of June 30, 2016 until June 30, 2017 and that [Appellant's] license was also revoked on June 30, 2017 for a period of one year for a subsequent § 1543(a) violation and the current violation occurred during the suspension for the § 1543(a), the [c]ourt found that [Appellant] violated 75 Pa.C.S.A. § 1543(b). [Appellant] was sentenced by this [c]ourt to pay a fine in the amount of Eight Hundred Dollars ($800.00) and to a period of imprisonment not less than ninety (90) days.

*Commonwealth v. Jancewicz*, 1410 MDA 2018, unpublished memorandum at 1-2 (May 24, 2019) (footnotes and citations omitted). As a point of clarification, the trial court convicted Jancewicz of violating 75 Pa.C.S.A. § 1543(a), driving while operating privilege is suspended or revoked, unrelated to DUI, instead of 75 Pa.C.S.A. § 1543(b), since the suspension under which he was cited was not DUI related.

In his initial appeal to this Court, Jancewicz challenged both the legality and the discretionary aspects of his sentence. In addressing the legality of Jancewicz' sentence, we concluded that the trial court's sentence was illegal because it failed to provide a minimum and maximum term of confinement as required under 42 Pa.C.S.A. § 9756(b)(1). Consequently, we vacated

Jancewicz' sentence and remanded to the trial court for resentencing. Given this disposition, we did not address Jancewicz' issue pertaining to the discretionary aspects of sentencing. *Id.* at 8.

Upon remand, the trial court sentenced Jancewicz to not less than ninety (90) days of incarceration nor more than one-hundred eighty (180) days and an $800 fine. Jancewicz filed the instant timely appeal. Both the trial court and Jancewicz complied with Pennsylvania Rule of Appellate Procedure 1925.

In this appeal, Jancewicz raises the following issue:

1. Did the Trial Court issue a Sentencing Order that was cruel and excessive in sentencing the Defendant to not less than 90 days incarceration nor more than 180 days incarceration for a third violation of 75 Pa. C.S. § 1543(a) when the [magisterial district judge] had sentenced the Defendant to not less than 60 days incarceration?

Jancewicz' Brief at 4.

Jancewicz' again seeks to challenge the discretionary aspects of his sentence imposed following remand from this Court. "It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." *Commonwealth v. Austin*, 66 A.3d 798, 807–08 (Pa. Super. 2013) (citation omitted).

Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [*see* Pa.R.A.P. 2119(f) ]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code . . . . [I]f the appeal

satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Id.*** (citation omitted).

Our review of the record reveals that Jancewicz filed a timely appeal and specified the reasons for his challenge to the discretionary aspects of sentence in a separate statement as required under Pa.R.A.P 2119(f). However, Jancewicz failed to preserve his issue for appellate review.

Pa.R.A.P. 302 provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Jarvis***, 663 A.2d 790, 791 (Pa. Super. 1995). "Issues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings." ***Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa. Super. 2003) (quoting ***Commonwealth v. Mann***, 820 A.2d 788 794 (Pa. Super. 2003). While Pa.R.Crim.P. 720(D) bars post-sentence motions in summary case appeals following a trial *de novo*, Rule 720(D) has not eliminated the duty to preserve issues that can properly be preserved without a post-sentence motion. ***See Commonwealth v. Dougherty***, 679 A.2d 779, 784 n.3 (Pa. Super. 1996). A defendant can preserve challenges to his/her sentence by objecting at the end of the sentencing hearing. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006).

Here, Jancewicz did not object to the sentence imposed at his sentencing before the trial court.[2]  Because he failed to object, Jancewicz did not preserve this issue, and his claim is waived.  Therefore, we cannot address the merits of this issue.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/05/2020

_____

[2] We note that Jancewicz did not even attend his sentencing hearing, but he was represented by counsel, who appeared on his behalf.