**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN MILLER | : | |
| | : | |
| Appellant | : | No. 1316 EDA 2022 |

Appeal from the PCRA Order Entered May 10, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011715-2014

BEFORE: PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.: **FILED MAY 23, 2023**

Steven Miller appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

This Court previously set forth the following factual and procedural history of this case as follows:

> On October 6, 2013, [Miller], an inmate at Curran-Fromhold Correctional Facility in Philadelphia, was using a phone in the prison's telephone bank.[1] Khayree Murray, a fellow inmate, approached [Miller] and asked to use one of the phones. Correctional Officers Denise Irving and Eddie Rosa and Correctional Sergeant Joyce Cooper observed [Miller]

---

[1] Miller was in prison on pre-trial incarceration due to an unrelated case in which Miller was charged with third-degree murder. ***See Commonwealth v. Miller***, 131 A.3d 83 (Pa. Super. 2015) (Table). Relevantly, in that case, Miller was later convicted of third-degree murder, prior to sentencing in the instant case. ***Id.***

attack Murray. [Miller] stabbed Murray several times with "a sharp long screw rigged with sharp ridges and a rubber band wrapped in a ripped T-shirt" in the head, back, and ear. Officer Rosa immediately intervened, separated the two men with the help of Officer Irving, and used pepper spray to subdue [Miller]. Officers recovered the makeshift weapon from the ground after [Miller] dropped it. Officer Rosa testified that Murray was in shock and that he did not observe Murray strike [Miller prior to Miller attacking Murray].

Murray attempted to downplay his injuries, and told officers that he fell down some stairs. Murray sustained life-threatening injuries, which included three stab wounds to the back, two puncture wounds to the base of the neck, wounds to his back, back of the head, and left hand, and lacerations to this ear and cheek. Murray's injuries required eight sutures. Sergeant Cooper decided to transport Murray to the hospital for treatment. [Miller] had no injuries, but he was treated for pepper spray in his eyes and placed in solitary confinement.

While walking with Officer Rosa through the prison shortly after the stabbing, [Miller] stated, "If you didn't pepper spray, you would have been the next victim." In recorded prison phone calls, [Miller] subsequently made several inculpatory statements boast[ing] of his violent reputation in the prison as a result of the attack, and repeated a rumor that there was a bounty on Murray's head because he was such a snitch.

[Miller] proceeded to a jury trial. Murray refused to testify at trial and the trial court held him in contempt. [Miller] testified and claimed that he acted in self-defense. Although [Miller] claimed that Murray attacked him first with the weapon, [Miller] admitted that he never feared that Murray would kill him.

> On June 25, 2015, the jury convicted [Miller] of [a]ggravated [a]ssault,[2] [s]imple [a]ssault,[3] and possessing an instrument of crime.[4] On that same day, the trial court imposed an aggregate term of 8 to 20 years' incarceration. [Miller] filed a [p]ost-[s]entence [m]otion, which the trial court denied on October 2, 2015.

*Commonwealth v. Miller*, 172 A.3d 632, 638 (Pa. Super. 2017).

> [Miller filed a timely direct appeal to this Court, raising eight claims.] We deemed the first seven issues meritless and affirmed [the] judgment of sentence on that basis, but we determined [that] remand was necessary to allow the trial court to consider the final issue, in which [Miller] raised an after-discovered evidence claim. *Id.* at 650-51.

> \* \* \*

> On May 23, 2018, the trial court conducted an evidentiary hearing pursuant to [our remand]. By its [o]rder of May 30, 2018, the [trial] court denied [Miller's after-discovered evidence claim] due to lack of merit.

*Commonwealth v. Miller*, 224 A.3d 787 (Pa. Super. 2019) (Table) (some citations and quotations omitted).

Miller filed a timely notice of appeal, and this Court affirmed the trial court's May 30, 2018 order. *See id.* Miller filed a timely petition for allowance of appeal to our Supreme Court, which was denied on May 27, 2020. *See id.*, 234 A.3d 407 (Pa. 2020) (Table). Miller did not seek review in the United States Supreme Court.

---

[2] 18 Pa.C.S.A. § 2702.

[3] *Id.* at § 2701.

[4] *Id.* at § 907.

On May 18, 2021, Miller, *pro se*, filed the instant PCRA petition, his first. The PCRA court appointed counsel, who filed an amended PCRA petition on December 15, 2021. On March 3, 2022, the PCRA court filed notice of its intent to dismiss Miller's PCRA pursuant to Pa.R.Crim.P. 907. Miller did not file a response, and on May 10, 2022, the PCRA court dismissed Miller's petition.

Miller filed a timely notice of appeal. The PCRA court did not order a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Miller did not file such a statement.

Miller now raises the following claims for our review:

(1) [Direct appeal] counsel was ineffective for failing to raise the issue of recorded prison phone [calls] being admitted.

(2) Trial counsel was ineffective by failing to file a [m]otion to [r]econsider [s]entence.

(3) The PCRA court erred by failing to conduct an evidentiary hearing.

Brief for Appellant, at 7 (reordered).

> When reviewing the [dismissal] of a PCRA petition, our scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general we may affirm the decision of the [PCRA] court if there is any basis on the record to support the trial court's action; this is so even if we rely on a different basis in our decision to affirm.

***Commonwealth v. Heilman***, 867 A.2d 542, 544 (Pa. Super. 2005) (quotations and citations omitted).

- 4 -

For ease of disposition, we address Miller's claims of ineffectiveness first. Generally, counsel is presumed to be effective, and "the burden of demonstrating ineffectiveness rests on [the] appellant." ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010).

> To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his [client's] interests; and, (3) but for counsel's ineffectiveness[,] there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

***Commonwealth v. Holt***, 175 A.3d 1014, 1018 (Pa. Super. 2017) (internal citations omitted).

In his first claim, Miller contends that his direct appeal counsel rendered ineffective assistance by failing to challenge the trial court's admission of the prison phone calls. ***See*** Brief for Appellant, at 16-17. Miller asserts that the prison phone calls were not relevant to the Commonwealth's asserted basis of establishing motive. ***Id.*** at 17. Instead, Miller argues that the phone calls establish that Miller was attempting to find out who attacked him. ***Id.*** Miller further argues that, therefore, the probative value of the phone calls was outweighed by their prejudicial impact. ***Id.*** Miller is entitled to no relief.

> When we review a trial court's ruling on admission of evidence, we must acknowledge that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law. In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party. An abuse of

discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill-will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Talley*, 236 A.3d 42, 55 (Pa. Super. 2020) (citations omitted). "The threshold inquiry with admission of evidence is whether evidence is relevant." *Commonwealth v. Collins*, 888 A.2d 564, 577 (Pa. Super. 2005). Evidence is relevant if "it has the tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Pa.R.E. 401(a)-(b). "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable[,] or supports a reasonable inference or presumption regarding a material fact." *Commonwealth v. Drumheller*, 808 A.2d 893, 904 (Pa. Super. 2002). "All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402. "The court may exclude relevant evidence if its probative value is outweighed by a danger of one of more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

Instantly, at trial, trial counsel objected to the admission of the phone call recordings, which the trial court overruled. *See* N.T. Jury Trial, 6/24/15, at 89-91 (trial court noting several objections to phone calls and transcripts); *id.* at 104 (trial counsel reiterating prior objections to phone calls and

- 6 -

transcripts). On appeal, rather than challenging the relevance of the phone calls, direct appeal counsel challenged the trial court's decision to permit the jury to take a transcript of the phone call recordings to the jury room for deliberations. *See Miller*, 172 A.3d at 648. This Court concluded that, if Miller had intended to challenge the relevance of the phone calls on appeal, Miller had waived the claim by failing to cite to relevant authority. *Id.* at n.7 (noting Miller's claim "suggests that the trial court erred in admitting this evidence at all," but Miller failed to cite authorities).

However, the trial court, in its original Rule 1925(a) opinion, addressed the relevancy of these phone calls as follows:

> [Miller] called the same persons that he had been on the telephone with at the time he attacked [Murray]. [Miller]'s counsel objected[,] claiming that the taped conversations were irrelevant and unduly prejudicial because [Miller] peppered his speech with offensive words.
>
> The trial court listened to the prospective recorded testimony and determined that the conversations were contextually relevant because [they] specifically provided [Miller's] motivation for the attack upon [Murray], whom [Miller] specifically named in the telephone call to the same person(s) he had been on the telephone [with] at the time of the attack. [Miller] revealed that he had not known [Murray] before the assault[,] **but he had been aware that there had been a price on the head of "K[ha]yree Murray" for snitching on someone else in the prison**. [Miller] also bragged that he was considered to be a ["]top dog["] imbued with certain respect within his prison pod by the other inmates because of the assault. [**Miller**] **never claimed he was acting in self-defense when freely conversing** [**with**] **his friends**. . . . [Miller] . . . was keenly aware that the telephone conversations were recorded. The fact that [Miller] utilized colorfully offensive words at times concretely illuminated his perspective. As such, [Miller]'s language was not

so unusually prejudicial as to outweigh the significant probative value of this evidence. The evidence was properly admitted.

PCRA Court Opinion, 7/7/22, at 8-9, quoting Trial Court Opinion, 6/10/16, at 14-15 (emphasis added).

After reviewing the record, we agree with the PCRA court that these phone calls were relevant and properly admitted. *See Talley*, *supra*. Moreover, with respect to any prejudice as a result of the language Miller used in the phone calls, his trial counsel sought a cautionary instruction "about the language," and the trial court issued the requested cautionary instruction. *See* N.T. Jury Trial, 6/24/15, at 95-96 (trial counsel stating requesting cautionary instruction, and trial court issuing requested instruction). Therefore, Miller cannot and has not established that his ineffective assistance of counsel claim has arguable merit, and he is afforded no relief on this claim. *See Rivera*, *supra*; *Holt*, *supra*.

In his second claim, Miller argues that his trial counsel rendered ineffective assistance by failing to file a post-sentence motion challenging the discretionary aspects of his sentence. *See* Brief for Appellant, at 18-19.

Preliminarily, we observe that "[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA." *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007). However, when a petitioner advances such a claim under the purview of ineffective assistance of counsel, it does fall under the PCRA's jurisdiction. *See Commonwealth v. Watson*, 835 A.2d 786, 801 (Pa. Super. 2003) ("[A] claim regarding the discretionary aspects of [the defendant's] sentence, raised in the context of an

- 8 -

ineffectiveness claim, would be cognizable under the PCRA."). Accordingly, Miller's challenge is cognizable under the PCRA.

Nevertheless, Miller's brief contains only bald assertions of ineffectiveness for failing to raise this claim. His entire argument is less than one-and-a-half pages and contains no citations to the record, and only boilerplate citations to authority. *See* Brief for Appellant, at 18-19; *see also* Pa.R.A.P. 2119(a) (requiring "discussion and citation of authorities as are deemed pertinent"); ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); ***id.*** at 925 ("It is not the role of this Court to formulate [an a]ppellant's arguments for him."). Accordingly, this claim is waived.

For the above reasons, the PCRA court did not err in dismissing Miller's PCRA petition, and, thus, we affirm the court's order. ***See Commonwealth v. Hanible***, 30 A.3d 426, 452 (Pa. 2011) (PCRA court may dismiss petition without hearing when satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings") (citation omitted).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2023