J-S02009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALFREDO DEJESUS | : | |
| | : | |
| Appellant | : | No. 170 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 9, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008749-2021

BEFORE: LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, P.J.: **FILED NOVEMBER 25, 2024**

Alfredo DeJesus appeals from the judgment of sentence,[1] entered in the Court of Common Pleas of Philadelphia County, following his conviction of aggravated assault.[2] After review, we affirm.

On December 6, 2020, DeJesus repeatedly struck his paramour's head with a hammer while threatening to kill her. DeJesus also cut the victim's

_____

[*] Former Justice specially assigned to the Superior Court.

[1] On February 21, 2024, this Court determined that DeJesus' *pro se* appeal was timely filed. **See Commonwealth v. DeJesus**, 315 A.3d 94 (Pa. Super. 2024) (Table). Nevertheless, we remanded for the appointment of new counsel because DeJesus' appellate counsel had failed to timely file a Pa.R.A.P. 1925(b) concise statement. **See id.** Subsequently, the trial court appointed new appellate counsel and both the trial court and appellate counsel have complied with Rule 1925. As both parties have now filed appellate briefs, we address the claims raised by DeJesus.

[2] 18 Pa.C.S.A. § 2702(a)(1).

hands and strangled her.  During these events, the victim's daughter arrived, which caused DeJesus to flee.  Ultimately, DeJesus was arrested and charged.

On September 23, 2022, the day of trial, DeJesus entered an open guilty plea to the charge of aggravated assault.  The trial court conducted oral and written colloquies, after which the trial court accepted DeJesus' guilty plea. The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report.

On December 9, 2022, the trial court and sentenced DeJesus to a term of 9-18 years' incarceration.  DeJesus did not make any oral post-sentence objections, nor did he file a written post-sentence motion.  Rather, DeJesus filed a timely *pro se* notice of appeal.  ***See Dejesus***, ***supra***.  DeJesus now raises the following claims for our review:

> 1.  Whether [DeJesus'] guilty plea was knowing, voluntary, and intelligent where the sentence he received was greater than the offer previously extended by the Commonwealth?
>
> 2.  Whether the sentence received was excessive, as it exceeded the guidelines, and the [trial] court failed to state, on the record, the reasoning [justifying sentencing DeJesus above the guidelines]?

Brief for Appellant, at 6.

In his first claim, DeJesus challenges the validity of his guilty plea.  ***See id.*** at 13-14.  DeJesus argues that his guilty plea was not entered knowingly, voluntarily, or intelligently, because he was under the mistaken belief that he would receive a sentence of three to six years' incarceration.  ***See id.***

After review, we are constrained to conclude that DeJesus has waived this claim for our review. "A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citing Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i)). Here, DeJesus did not object during the plea colloquy, and he did not file a timely motion to withdraw his plea. Consequently, this claim is waived. *See Lincoln*, *supra*; *see also* Pa.R.A.P. 302(a) ("[I]ssues not raised in the [trial] court are waived and cannot be raised for the first time on appeal.").

DeJesus' second argument challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal, and, which we consider as a petition for permission to appeal. *See Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa. Super. 2013); *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, DeJesus has filed a timely notice of appeal, but did not file a post-sentence motion preserving this claim for our review. **See** Pa.R.Crim.P. 720; **see also Commonwealth v. Watson**, 835 A.2d 786, 791 (Pa. Super. 2003) (failure to preserve claim "is not cured by submitting the challenge in a Rule 1925(b) statement").[3] Moreover, DeJesus has not included a Rule 2119(f) statement in his brief, and the Commonwealth has objected to this defect. **See** Commonwealth's Brief, at 8-9; **Commonwealth v. Karns**, 50 A.3d 158, 166 (Pa. Super. 2012) (failure to include Rule 2119(f) statement results in waiver where Commonwealth objects to defect). Consequently, DeJesus' claim is waived, and we deny his petition for allowance of appeal.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/25/2024

---

[3] We are cognizant that this Court remanded for the appointment of counsel and the filing of a *nunc pro tunc* Rule 1925(b) statement. **See DeJesus**, **supra**. However, our prior disposition does not cure DeJesus's failure to previously file a timely post-sentence motion preserving his claims.

- 4 -